For the reasons assigned, the judgment appealed from is affirmed.

(123 So. 587)

No. 29701.

EXCHANGE NAT. BANK v. LONGINO et al.

June 17, 1929. Rehearing Denied July 8, 1929.

L. K. Watkins, of Minden, for appellant.

A. S. Drew, of Meriden, for appellee.

BRUNOT, J. This is a suit upon a promissory note for $3,800, with interest thereon at the rate of 6 per cent. per annum from December 7, 1926, until paid, and for 10 per cent. on the sum of the principal and interest as attorney's fees, and for costs. The court below rendered judgment in favor of plaintiff and against the defendants, the maker and indorser of the note, in solido, as prayed for in the petition. Both defendants obtained orders of appeal, but only one of

them, Mrs. C. W. Longino, the indorser of the note, perfected the appeal.

The record shows that both defendants excepted to the citation and service. The exception was considered and overruled, and appellant docs not complain of this ruling.

J. L. Longino, the maker of the note, and Mrs. C. W. Longino, the indorser, filed separate answers. J. L. Longino admits his signature to the note, and for further answer adopts all of the allegations of the answer of his mother, Mrs. C. W. Longino, who, for answer, admits that she indorsed the note sued on, but denies amicable demand for payment thereof, and denies all liability thereon. She bases her denial of liability, as indorser of the note, upon alleged misrepresentations to her by Mr. James Bartee, vice president of the plaintiff bank, and veiled threats by him of a possible criminal prosecution of her son, which misrepresentations and threats induced her to indorse the note, and upon the further alleged ground that the note was given without consideration either to herself or to her son. There is no allegation of fraud or error in the pleadings.

■ The proof in the record shows that amicable demand for payment of the note was properly and timely made upon both the maker of the note and the appellant. It is shown that the note sued upon was given by J. L. Longino in lieu of a past-due note for $4,226.-44 of an insolvent corporation, which he had indorsed, and for the payment of which he was then liable. Hence there was full consideration for the note. Sections 24 and 25 of Act No. 64 of 1904.

■ The testimony as to whether or not Mrs. C. W. Longino was induced to indorse the note because of Mr. James Bartee's alleged misrepresentations and veiled threats of a prosecution of her son consists of her own and Mr. Bartee's testimony. On this point their testimony is in direct conflict. We do not think it is necessary to review the testimony in detail. All of it relates to a diamond ring of the approximate value of $2,000. It is shown that this ring was pledged to the bank, as collateral, to secure the payment of the note sued upon. J. L. Longino, the maker of the note, was, at the time the note was executed, and for a long time thereafter, the cashier of the plaintiff bank. Mrs. Longino testifies that she was led by Mr. Bartee to believe that, if she indorsed the note, the diamond ring would be given to her. Mr. Bartee pointedly denies that he made any misrepresentations or promises of any kind whatever to Mrs. Longino. The record shows that, some months before the suit was filed, but long after the execution of the note sued upon, Mr. J. L. Longino was permitted by the plaintiff bank to withdraw the diamond ring upon leaving a trust receipt therefor with the bank. Upon thus obtaining possession of the ring, Mr. J. L. Longino delivered it to his mother, who had it appraised and negotiated for its sale. Failing to find a purchaser, Mrs. Longino exchanged the ring for two smaller diamonds. The plaintiff learned of these transactions, and demanded the return of the ring. The testimony leads us to the conclusion that, if any veiled threats of a possible criminal prosecution of Mr. J. L. Longino were made by Mr. Bartee, they were made long after Mrs. Longino had indorsed the note sued upon and were caused by Mrs. Longino's attempt to appropriate to her own use a valuable diamond ring which was pledged to the bank as collateral to secure the payment of her son's note, but which had been withdrawn from the bank, by her son, on a trust receipt. The testimony of Mrs. Longino impresses us with her sincerity and honesty of purpose, but the record, as a whole, leaves no room for doubt that she was imposed upon, as the plaintiff was, by her son.

For these reasons, in addition to the sound and convincing reasons given in the written opinion of the judge ad hoc, the judgment is affirmed, at appellant's cost.