No. 864

**First Circuit**

———

COMMERCIAL BANK & TRUST CO. v. PROVENSAL

———

(June 30, 1931. Opinion and Decree.)
(October 7, 1931. Rehearing Refused.)
(November 30, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

———

Morgan & Simmons, of Covington, attorneys for plaintiff, appellee.

S. W. Provensal, of Slidell, in person, attorney for defendant, appellant.

ELLIOTT, J. Commercial Bank & Trust Company, holder and owner of a promissory note for $350 with interest and attorney's fees, executed and signed by S.

W. Provensal, payable to the order of Commercial Bank & Trust Company, brought suit against Provensal to compel payment.

The note bears a credit of $20 paid February 2, 1929, by Provensal.

Defendant appeared and urged as a special defense that there was no proper or legal consideration given for the note, to the full knowledge of the plaintiff payee through its proper officer. On the same day, he filed an answer in which, after admitting his signature and the payment of $20, he reiterated his averments that it was without consideration, and that the plaintiff had full knowledge of the entire matter. He denied owing the indebtedness alleged against him.

There was judgment in favor of the plaintiff as prayed for. Defendant has appealed.

From defendant's brief, we see that he complains that the court ruled against him erroneously to his prejudice. We copy from his brief on the subject:

"During the trial of the case and upon cross-examination of the first witness defendant set out to establish the failure or want of proper or legal consideration, when plaintiff objected on the ground that defendant had not set out in detail those facts or circumstances showing the failure of proper or legal consideration. His Honor of the lower court in his first ruling stated that he would allow the testimony, ruling that the objection to such testimony go to the effect.

"Defendant thereupon proceeded with the cross-examination and after a few questions the defendant (means plaintiff) again renewed his objection. His Honor the lower court then ruled that such testimony was not admissible under the pleading. This ended the cross-examination. The plaintiff then closed. Defendant was sworn and declared that he wished to give testimony to show the failure of proper or legal consideration, and the court, stating that no such testimony would be received, the defendant was compelled to close his case."

The note of testimony bears out this statement, except that it appears therefrom that C. E. Schonberg, president of the plaintiff bank, being cross-examined, was asked by defendant:

"Q. Did I get cash for that note? (Objected to by plaintiff on the ground mentioned. The court ruled that he would hear the evidence, upon which the witness answered):
"A. No.
"Q. Then what did I get for it?
"A. What did you get for that note?
"Q. Yes, sir.
"A. You gave me that note as the balance due on a previous note that the bank had held.
"Q. Where is it?
"A. I have it."

At this juncture, the plaintiff again objected, urging as a further reason that defendant had elicited the fact that the note sued on is a different and separate note against which he has leveled his defense, and constitutes a renewal and ovation (means novation) on the form of the debt.

The court ruled:

"Inasmuch as the witness has answered that the note was given to renew and take up a previous note that it would not now be relevant to go into the details or circumstances for a previous obligation, therefore sustains the objection."

The defendant was then sworn and testified, saying:

"I offer to testify with reference to the consideration for which this note was given."

The court declined to hear him, stating, in effect, that defendant did not set up in his answer sufficient facts to warrant

inquiry into the consideration of the previous note. The ruling was correct.

Act No. 64 of 1904, sec. 25 says:

"An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

Section 26:

"Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who become such prior to that time."

In Langstaff v. William Lees & Co., 11 La. Ann. 271, the court said:

"The defendants, by their answer, admitted their signatures, and pleaded 'failure of consideration,' without any specification, either of the consideration of these notes, or of the time, place or circumstances of its failure.
"We agree with the District Court, that this plea is too vague to authorize the admission of proof upon it."

In this case, it is shown that the note sued on represents the balance due on a previous note, as to which the consideration is not alleged to have failed. The answer admits that a payment of $20 was made on the present note.

The fact that the defendant, after alleging want of consideration, added: "To the full knowledge of plaintiff corporation acting through its proper officer," cannot take the situation out of the grasp of the legal provision that an antecedent or pre-existing debt constitutes value.

We think that the court ruled properly. And on the evidence adduced, judgment was properly rendered in favor of the plaintiff as prayed for.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.