## JONESBORO STATE BANK v. JONES et al.

### No. 5031.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1935.

Oliver & Digby, of Monroe, and W. T. Holloway, of Jonesboro, for appellant.

H. W. Ayres, of Jonesboro, for appellee.

DREW, Judge.

Plaintiff, a banking corporation, instituted this suit against A. D. Jones and W. R. Guess for the sum of $1,000, with 8 per cent. per annum interest thereon from January 7, 1932, until paid, together with 10 per cent. additional on both principal and interest as attorney's fees. It alleged that it is the holder and owner before maturity and for a valuable consideration of one promissory note for the sum of $1,000, executed and signed by the said Jones and Guess, as makers, on December 7, 1930, made payable to petitioner on May 7, 1931, with 8 per cent. per annum interest from maturity and stipulating 10 per cent. additional on both principal and interest as attorney's fees, should said note be placed in the hands of an attorney for collection; that the note bears interest from January 7, 1932, until paid, interest having been paid up until that date. It further alleged the note to be past due and fully unpaid, and that amicable

demand has been made. It prayed for judgment accordingly.

Defendant A. D. Jones made no appearance in the suit and judgment was rendered against him by default. Defendant Guess appeared by answer and denied that he was indebted unto plaintiff in any amount. He admitted his signature to the note attached and that same is genuine; also admitted that the note is in the possession of plaintiff. He admitted the note has not been paid and on its face is past due, but specifically denied that he owes anything on account thereof.

Specially answering, defendant Guess sets up the following:

"5. Specially answering the petition, appearer avers that about ten or twelve years ago he signed as endorser a note executed by the other defendant, A. D. Jones, in favor of the plaintiff Bank, but heard nothing thereof for many years and had presumed that the said note was paid by the maker, Jones, until some time in the latter part of 1930 or early 1931, at which time your petitioner was approached by Mr. O. E. Corbert, at that time cashier of the Jonesboro State Bank, and was informed by the said Corbert that the said Bank still held unpaid the note of A. D. Jones, endorsed by defendant Guess. The said Corbert represented unto appearer that the Bank Examiner was then in Jonesboro to examine the affairs of said Bank, and that the said Examiner was insisting that the note be either paid or renewed. Your appearer declined to endorse said note and told the cashier that the Bank should have collected it long before from the maker, which fact was admitted by the said Corbert, who assured the said Guess that it was not the intention of the Bank to attempt to make collection from the said Guess because the Bank had in its possession and under its control rights and credits belonging to the maker more than sufficient to discharge the said indebtedness and that within a short time the Bank would be able to collect funds belonging to the said Jones and would discharge the said indebtedness, but that in the meantime it was necessary that a new note be executed in order to satisfy the Bank Examiner. Your appearer declined to sign said note and thereafter some day or two subsequently the cashier, Mr. Corbert, again approached your appearer and specially requested of him that he endorse the said note or sign same, assuring your appearer and guaranteeing to him that no liability whatsoever attached to him on account of such signature, and guaranteeing that the Bank would discharge the said note immediately upon receipt of a check for a

sum which was due the said Jones by the State of Louisiana, or some department thereof, and which said check would be received by the said Bank. Upon this assurance and guarantee, your appearer agreed to sign the said note as endorser; but at the request of the said cashier, due to the absence of the maker, Jones, and because of the fact that it was desired to put the indebtedness in proper shape in so far as the Bank Examiner was concerned, during the presence in Jonesboro of said official, your appearer signed said note as maker, rather than as endorser, and subsequently the signature of said Jones was obtained. Your appearer shows that all of this was done because of and upon the specific guarantee and warranty of the cashier and duly authorized representative of Jonesboro State Bank that no liability attached on account thereof, and that the Bank guaranteed to hold the said Guess harmless on account of his said signature. Your appearer shows therefore that because of the facts above set forth, he is due nothing to the plaintiff herein. Your appearer avers that the note sued on, in so far as said W. R. Guess is concerned, was given without any consideration whatever flowing to appearer, and is, therefore, void and of no effect.

"Wherefore defendant Guess prays that this suit be dismissed as to him, at the cost of the plaintiff. He prays for such further orders and decrees as may be necessary in the premises, for costs and general relief."

Before any testimony was introduced by defendant, plaintiff objected to any parol testimony to support the defense urged for the reason that such testimony is irrelevant, immaterial, not binding on the bank, and has no bearing on any issue in the case; that such testimony being verbal is inadmissible to contradict, alter, vary, or change the terms of the note sued on or to show a contemporaneous agreement different from and contrary to the note; and for the further reason that there is no allegation in the pleadings on which to base the proof. It further objected for the reason that defendant could not be heard to contradict the judicial admissions made in his answer.

The testimony was admitted, subject to the objection, and the objection made general. After trial had, there was judgment for plaintiff, as prayed for, and defendant Guess prosecuted this appeal.

■ The objection to the admissibility of the testimony should have been sustained for the reason the answer sets forth that defendant Guess was an endorser on a note made by

defendant Jones some years prior thereto; and that the note had never been paid or extinguished. It was for the same amount as the note sued on here and held by plaintiff. The note sued on here was made to renew the old one. The consideration for the original note is not attacked in this suit.

A note given for a past-due note on which defendant Guess was an endorser and liable thereon is given for a full consideration. Exchange National Bank v. Longino, 168 La. 824, 123 So. 587; Commercial Bank & Trust Co. v. Provensal, 18 La. App. 48, 135 So. 700.

This being true and neither error nor fraud having been alleged, parol testimony was inadmissible to show a prior or contemporaneous agreement for payment or extinguishment of the note in any other manner than that specified in the instrument. Fudickar v. Inabnet et al., 176 La. 777, 146 So. 745.

Therefore, the allegation and the testimony that the cashier of the bank agreed that the note would be paid out of certain scrip held by it, which was owned by defendant Jones, and therefore Guess would not be held liable on the note, was clearly inadmissible.

We are informed in brief by both counsel for plaintiff and defendant that the lower court, in rendering its judgment, sustained the exception; that it heard the testimony in order that the entire matter would be before this court. The judgment of the lower court is correct and it is affirmed, with costs.