# William G. Fischer, Appellant, *v.* Louis Dalmas.

*Affidavit of defense—Promissory notes—Bailment.*

In an action upon a promissory note an affidavit of defense is sufficient to prevent judgment which avers that defendant rented a piano from plaintiff under an agreement of bailment, with right to purchase; that after several payments of rent by defendant he gave to plaintiff the note in suit for the remaining value of the piano, under an agreement that if defendant could not pay the note, or desired to surrender the instrument, that the plaintiff would take the same back again and surrender and cancel the note; that upon the maturity of the note defendant told plaintiff that he could not pay it, and that he, the plaintiff, could have the piano back whenever he wished the same, in accordance with their agreement; that afterwards he tendered the instrument and demanded the return of the note, and plaintiff declined to take the instrument and surrender the note, although plaintiff had agreed to send for the instrument, and remove the same when requested so to do; that the original agreement of bailment is still in possession of plaintiff, who assumes to own the instrument by virtue thereof.

Argued Jan. 8, 1896. Appeal, No. 325, Jan. T., 1895, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1894, No. 662, discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows :

Louis Dalmas being duly sworn according to law doth depose and say, that he hath a just, true and legal defense to all of the plaintiff's claim in the above stated case, excepting the sum of eighty-two dollars and fifty-four cents ($82.54), the amount of one of the promissory notes sued upon, the nature and character of which are as follows :

Said plaintiff is a dealer in pianos and musical instruments and rents and bails instruments of that character. Deponent rented an instrument from him some three years ago, the date of which he cannot now tell, and entered into the usual bailment agreement with him, the said plaintiff, whereby he was to pay the sum of twenty ($20.00) dollars per quarter in the way of

rental, and whenever he desired to purchase the instrument the amount of the rental together with the value of an old piano, which he at that time gave to plaintiff, was to be allowed to him on account of the purchase; that in the month of April last deponent was indebted to plaintiff in the sum of eighty-two dollars and fifty-four cents ($82.54) for the balance of the rent due for the said instrument, and then it was agreed that the remaining value of the instrument was the sum of three hundred and twenty-one dollars and fourteen cents, and deponent then and there entered into an agreement with the said Fischer to give him, the said Fischer, deponent's promissory note at three months for that sum, when, if deponent could not pay the said note or desired to surrender the instrument, that he, the said plaintiff, would take the same back again and surrender and cancel the note; and thereupon the deponent made his note which is sued upon in this case, and thereafter upon the maturity of the said note deponent told the plaintiff that he could not pay the same, and that he, the plaintiff, could have back the piano whenever he wished the same in accordance with their agreement. Several times subsequent thereto, he, the deponent, tendered the instrument and demanded the return of the promissory note, and the plaintiff declined and refused to take the said instrument and surrender up the said note, and although the plaintiff further agreed to send for the instrument and remove the same when requested so to do, and knows where the same now is and that the same has always been since the maturity of the said note at his disposal, he still persists in the repudiation of his contract and agreement.

Deponent further saith that the original agreement of bailment is still in the possession of the said plaintiff, and he assumes to own the said instrument by virtue thereof.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Henry J. Scott*, for appellant.—It is not stated whether the alleged agreement was verbal or in writing. If the latter, a copy thereof should be attached to the affidavit of defense.

If the rule as to parol evidence to vary writings is to have

any application at all, it should be to such cases as this: Ziegler v. McFarland, 147 Pa. 607.

Even if good in all other respects, the allegation of tender as set forth in the affidavit of defense is imperfect.

*Wm. F. Johnson,* for appellee, filed no printed brief.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 20, 1896:

We are not convinced that the learned court erred in refusing to enter judgment against the defendant for want of a sufficient affidavit of defense.

Inasmuch as the case goes back for a jury trial, it is neither necessary nor desirable to discuss the questions presented by the affidavit of defense. If the plaintiff had been disposed to waive his right of appeal to this court and proceed to trial, he might have had his case finally disposed of long ago.

Appeal dismissed, at plaintiff's costs, without prejudice, etc.