## Carrara Paint Agency Company *v.* Naylor, Appellant.

*Affidavit of defense—Sale—Contract—Fraud—Principal and agent.*

In an action upon an accepted draft alleged to have been given in payment for balance due for paint sold and delivered, an affidavit of defense is sufficient which avers that the contract of sale was for a specified quantity of paint "at the usual and customary market price," that defendant relied on the representations of the plaintiff's agent that the price as stated was $1.25 per gallon, and that after accepting the draft he learned that the usual and customary price for the paint was $1.05 per gallon, and that the price remained at that figure until the affidavit was filed, that payments made on account of the draft after the acceptance thereof were made without knowledge of the misrepresentation as to the price, and that as soon as he learned what the usual and customary market price was he notified the plaintiff thereof.

Argued Oct. 3, 1906. Appeal, No. 129, Oct. T., 1905, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1905, No. 335, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Carrara Paint Agency Company v. Charles Naylor. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a draft.

Rule for judgment for want of a sufficient affidavit of defense.

Defendant in his affidavit of defense averred :

The Carrara Paint Agency Company, the plaintiff, by its

agent, E. B. Browne, to wit: on or about September 24, 1902, sold to the defendant a carload (3,000 gallons) of Carrara paint at the usual and customary market price, and the said Browne, agent for the plaintiff, informed defendant at and before the time of the said sale that the usual and customary market price for said paint was $1.25 per gallon in carload lots f. o. b. Philadelphia.

Defendant received the said paint on or about November 7, 1902. The defendant paid on account of the price of said paint, before the acceptance of the draft set forth in plaintiff's statement of claim, the following amounts:

| | |
|---|---:|
| November 7, 1902, . . . . . . | $ 88.73 |
| December 1, " . . . . . | 33.87 |
| December 3, " . . . . . . | 36.15 |
| December 4, " . . . . . | 45.00 |
| December 12, " . . . . . . | 180.71 |
| Total, . . . . . . . | $384.46 |

Afterwards, to wit: on January 1, 1903, the plaintiff drew on defendant for the balance of the said account, $3,512.90, and the defendant at once accepted the said draft, and has since paid the sums on account of said draft as set forth in plaintiff's statement of claim.

At the time of the acceptance of the said draft, the defendant believed that the information received by the defendant from Browne, the plaintiff's agent, with reference to the usual and customary market price of said paint was correct, and defendant relied upon the said statement of said Browne, and unless said representations had been made he would not have accepted the said draft, but the defendant has, since the acceptance by him of the said draft, learned, and now avers, that the usual and customary market price of said Carrara paint, in carload lots f. o. b. Philadelphia, was, at the time of the said order and delivery, $1.05 per gallon, and that it still remains at that price.

In a supplemental affidavit of defense the defendant averred:

That the contract between the said plaintiff and the said defendant under which the said paint was sold, delivered and charged to the defendant, was a verbal contract, and that the

said E. W. Browne was the duly authorized agent of the said Carrara Paint Agency Company to make the same.

That he first learned what the usual and customary market price of the said paint was on or about January 31, 1903, and at once notified the said plaintiffs of the incorrect amount of the said draft which the defendant had accepted.

*Error assigned* was the order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Wayne P. Rambo* and *Wm. S. Allen,* for appellant.—Plaintiff cannot enforce a contract the inducement to the signing of which was a false statement of an existing fact made by its agent. The inducement was that others paid the same price as himself : Smith, Kline & French Co. v. Smith, 166 Pa. 563.

*Alfred Tennyson Steinmetz,* with him *George Wentworth Carr,* for appellee.—The agreement of the defendant to pay the price stated is binding upon him irrespective of any statements, true or not, as to the then market value of the goods made by the vendor or its agent : Depuy v. Pierce, 1 W. N. C. 158 ; Rockafellow v. Baker, 41 Pa. 319 ; Cronk v. Cole, 10 Ind. 485 ; Smith, Kline & French Co. v. Smith, 166 Pa. 563.

The defendant, by accepting a bill of exchange drawn upon him by the plaintiff, finally fixes the amount of money due by him to plaintiff, and cannot prove that it was executed by reason of prior misrepresentations on the part of the plaintiff : Martin v. Berens, 67 Pa. 459.

OPINION BY ORLADY, J., February 25, 1907 :

The defendant in his affidavit of defense clearly and positively avers that the verbal contract made with the plaintiff was for a car load (3,000 gallons) of Carrara paint at the usual and customary market price, and that he relied on the representation of the plaintiff's agent that the price as stated in the making of the contract and acceptance of the draft embraced in the plaintiff's claim, was $1.25 per gallon in car load lots f. o. b. Philadelphia ; and that after accepting the draft he learned, and now avers, that the usual and customary price for this paint in car load lots, F. O. B. Philadelphia at the time the contract was

made, was $1.05, and not $1.25 per gallon and remained at that figure until his affidavit was filed.

The contract was entire, and the price as averred in the affidavit was not at so much per gallon, but at the market price per gallon, whatever that might have been. The defendant does not seek to avoid the contract but insists upon its performance on its true terms, hence he is not prejudiced by his payments made on account of the claim after the acceptance of the plaintiff's draft on him. He gave prompt notice of his defense as soon as he learned that he had been misled by the statement of plaintiff's agent: Fischer v. Dalmas, 173 Pa. 296 ; Hubbard v. French, 1 Pa. Superior Ct. 218. Moreover, this contest is between the original parties to the contract, and the only question is as to what were its terms. On defendant's own showing he was liable to pay at the rate of $1.05 per gallon ; and his defense relates only to the excessive charge which the plaintiff claims, that which was over and above the usual and customary market rate. Usually buyer and seller are dealing at arm's length, and there is no confidence between them unless a warranty is demanded and given. " They use not each others eyes, but each his own. The seller is allowed to express freely his opinion of the value of his wares ; the buyer is at equal liberty to answer that it is naught. If there is an intentional concealment or suppression by either party of material facts which he is bound to communicate to the other, there is fraud ; but neither party is bound to communicate that which is equally accessible to both. The state of the markets, the present and prospective value of a particular commodity, are among the things which are alike open to both buyer and seller, and neither is bound to instruct the other " is the rule laid down in Rockafellow v. Baker, 41 Pa. 319. However, that was a case where a recission of an executed contract was contended for, and the defense related to the quality or value of the article. Under the averments of this affidavit it must be held that " the usual and customary market price " for the paint at the time the contract was made with the defendant was the price per gallon at which the plaintiff was then selling the article to other dealers ; which per gallon price was a substantive fact and was well known to the plaintiff ; if the agent represented that " the usual and customary market price " was $1.25, whilst in fact it was but

$1.05 per gallon, it was a false representation of a fact, inten-. tionally made for the purpose of defrauding the defendant; which it is averred, was the inducement to the making of the contract: Smith, Kline & French Co. v. O. Smith, 166 Pa. 563; Goodwin v. Schott, 159 Pa. 552.

We are to assume that the facts stated in the affidavit are true; if they are so, the defense is sufficiently set out to prevent a summary judgment, and put the plaintiff to the proof of his claim. The judgment is reversed and a procedendo awarded.