## KILDAY v. BASKETTE.—259 S. W. (2d) 162.

Eastern Section.   January 8, 1953.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

480

B. B. Fraker and Herbert R. Silvers, both of Greeneville, for appellant.

Maupin, Berry & Coleman, of Greeneville, for appellee.

McAMIS, J. This suit was instituted by Dr. L. E. Kilday to have cancelled two notes and a deed of trust and to require defendant to accept in payment of the notes $14,765.72 tendered into court. The case returns on the right of complainant to pay the notes before their maturity dates in accordance with an alleged parol agreement. The Chancellor, admitting parol evidence of the alleged agreement, found that defendant, as payee of the notes, agreed prior to the execution therof to accept payment at any time and decreed cancellation of the notes and the release of record of the deed of trust. Defendant appeals.

The notes and deed of trust were executed August 20, 1951, to represent the deferred purchase money of a farm purchased by complainant from defendant. The rights of third parties are not involved and, if admissible, the proof that the agreement upon which complainant relies was in fact made is clear and convincing.

Defendant's farm was advertised for sale and sold at public auction on terms of one-third cash and the balance in one and two years from date of sale, with the option to the purchaser of paying all cash. Complainant became the purchaser at $21,700. A few days after the sale defendant and his sales agent went to complainant's office to close the sale, apparently, taking with them a deed for delivery to complainant and a deed of trust and two notes payable in one and two years to be executed by complainant and representing the balance due after crediting the one-third cash payment of $7,233.33. The notes provided for 6% interest and complainant objected that the rate of interest was in excess of what he believed to be the legal rate. When it was found, however that the rate was legal, complainant refused to execute the notes, saying he could borrow the money at the bank for less and that he would do so and pay the entire amount in cash the following day. Defendant thereupon said that he was busy in his crops and would be unable to return to receive payment for several days.

At this point, according to the testimony of complainant and Mr. Rader, defendant's sales agent, defendant stated that if complainant would execute the notes he would accept payment at any time within the next few days without interest and that complainant could pay them at any time by paying interest at 6% to date of payment. Complainant testified that, trusting defendant to abide by his agreement and having Mr. Rader as a

witness, he executed and delivered the notes along with the one-third cash payment—that, except for the parol agreement, he would not have executed the notes and would have paid cash.

When complainant offered to pay the notes with interest in December, 1951, defendant refused to accept payment and denied that he had agreed to do so. The bill was filed December 23, 1951. Defendant, in response to questions asked by his counsel, admitted in his deposition that he agreed to accept payment without interest if made within a few days and he failed to deny directly the agreement to accept payment with interest at 6% at any time before maturity.

For complainant it is insisted that the notes were executed for the convenience of the defendant in being relieved of the necessity of returning to complainant's office to receive payment; that the evidence is clear and convincing and, if excluded, would enable defendant to perpetrate a fraud upon complainant.

It is also insisted that parol evidence is admissible to show the inducement which led to the execution of a purported formal written contract.

Haynes v. Morton, 32 Tenn. App. 251, 222 S. W. (2d) 389, 393, certiorari denied by the Supreme Court March 2, 1949, involved the application of the parol evidence rule in a suit for breach of contract to make certain improvements after the execution and delivery of the deed on the lot sold by defendant to plaintiff. The court reviewed two prior Tennessee decisions holding under similar circumstances that evidence of prior or contemporaneous collateral agreements to make certain improvements on the land was admissible and held that the parol evidence rule does not apply: "When the representations and

statements are made as an inducement to the contract, and form the basis or consideration of it."

Having denied certiorari originally, the Supreme Court, in Early v. Street, 192 Tenn. 463, at page 474, 241 S. W. (2d) 531, reiterated its approval of the holding in Haynes v. Morton, supra. While the holding in the Street case is based upon a contemporaneous collateral agreement in parol to make repairs and giving the purchasers the option of rescinding the sale subsequent to delivery of the deed, the opinion makes reference to the fact that the vendor made representations along with the collateral agreement to convince the purchasers that he would comply with his agreement to repair. Whether the parol agreement be treated as collateral to the written memorial of the sale or as an inducement to the purchase the result is the same.

The exception to the parol evidence rule relative to inducing statements or collateral agreements applies to promissory notes as well as to other contracts where the original parties are the parties to the contest. Lyons v. Stills, 97 Tenn. 514, 37 S. W. 280; 8 Am. Jur. 640, Sec. 1065, Bills and Notes.

These cases suggest a disposition to escape from the rigors of the parol evidence rule when to apply it results in the perpetration of a fraud. But we need not go so far as to hold the principle of these cases applicable in the present case. If we exclude the evidence offered by complainant, we still have defendant's admission in his deposition that the notes do not express the entire agreement of the parties, i. e., that the agreement is partly in writing and partly in parol. We recognize that cases are to be found holding that admissions in pais are not admissible to contradict or vary the terms of a written instrument. The admission here, however, is one of

record and under the oath of defendant himself. We have been able to find no authority for rejecting it.

In Early v. Street, supra, 192 Tenn. at page 472, 241 S. W. (2d) 531, 535, the opinion cites Johnson v. Continental Ins. Co., 119 Tenn. 598, 107 S. W. 688, 689, and quotes from it as follows:

" 'The rule is that the contract cannot be contradicted or varied by parol. There are exceptions to the effect that an independent collateral agreement may be proven, and also that, when a prior parol contract is only partly reduced to writing, parol evidence may be heard to supply the parts omitted from the writing.' "

The court, in the opinion in the Street case, then observed: "The application of the rule and the various exceptions thereto have led to innumerable decisions. Suffice it to say that the facts of each case must control in applying the rule and the exceptions."

It appears to us that if exceptions to the rule are ever to be applied, it would border on the absurd to hold that an admission under oath in a court of record would not justify a court of conscience in looking behind the letter of the contract to determine whether it expresses the complete agreement of the parties.

The force of the admission cannot, in our opinion, be avoided on the theory that defendant when he was examined by his counsel was relying on his objection to complainant's evidence. His exceptions were directd to the testimony of other witnesses—not to his own testimony. He could have stood on his exceptions and refused to testify. But, having testified, his testimony must be considered, notwithstanding he had objected to similar testimony of other witnesses. Cf. Marion Const. Co. v. Steepleton, 14 Tenn. App. 127.

■ When it appeared from defendant's own testimony that the contract was partly in parol, the testimony of complainant and Mr. Rader as to the terms of the parol portion of the agreement became competent and, as shown, it is clear from their testimony that complainant was to have the right to pay the notes with 6% interest at any time. In fact, defendant contents himself with saying he was unable to remember all of the conversation and that an agreement permitting complainant to pay the notes within a week or ten days following their execution was all that was said "as well as I remember".

We think the Chancellor reached the right conclusion. The decree will be affirmed and the cause remanded. Costs will be taxed to defendant and surety.

Hale and Howard, JJ., concur.