68 So.2d 614 (1953)
UNITED ENGINEERING CO. OF LOUISIANA
v.
DURBIN.
No. 3737.
Court of Appeal of Louisiana, First Circuit.
November 13, 1953.
Rehearing Denied December 18, 1953.
Spedale & Cooley, Baton Rouge, for appellant.
Ralph L. Roy, Baton Rouge, for appellee.
ELLIS, Judge.
The defendant entered into a written contract with the plaintiff on June 4, 1952 to insulate the attic of his home "according to the following specifications: 4" Grade A Fiber Glass over entire attic space * * *," for a total price of $175. The agreement also contained the following:
"It is agreed that this proposal, properly accepted as above provided, shall constitute the entire contract between us, and its acceptance is conditioned upon the understanding that:

*615 "There are no verbal agreements regarding this order, all verbal agreements made by any of our representatives being merged herein, and that the United Engineering Co. of La. will be bound to do only what is written on the face hereof."
Demand was made by the plaintiff for payment which was refused as defendant contends that the "plaintiff herein agreed to insulate defendant's home so as to render the temperature therein `cooler' in summer," and that since the insulation of defendant's home it is much warmer than it was prior thereto.
The case was tried and resulted in judgment for the defendant from which this appeal was perfected.
Over the objection of counsel for plaintiff, parol evidence was introduced that the salesman who obtained the contract for the plaintiff with the defendant made an oral representation that the insulation would cool defendant's house as much as onethird. It is readily admitted that there is no such stipulation in the contract. Plaintiff's objection to the parol evidence was founded on Article 2276 of the LSA-Civil Code which stated: "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
It is a recognized exception to the general rule that parol evidence may be introduced to prove an independent collateral agreement relating to the written agreement where the collateral agreement is not in conflict with the written agreement. Under the above quoted provision of the contract between the parties, the testimony with regard to the additional warranty made by the salesman would be in conflict with the written agreement and is not admissible. The case offering the greatest comfort to the defendant's contention of the admissibility of this parol testimony is Brandin Slate Co. v. Fornea, La.App., 183 So. 572, however, the rule was squarely recognized that parol evidence is not admissible to prove an independent collateral agreement relating to the written agreement where the collateral agreement is in conflict with the written agreement and where the parol agreement contradicts the written agreement.
In L.S.A.Civil Code, Vol. 8, Page 551, under Article 2276, the Brandin Slate Co. case, supra, is commented upon in the First Louisiana Law Review, Page 460, and the test to be applied to the introduction of parol evidence in such a case was given:
"The rule precluding admission of parol evidence to add to, subtract from, contradict or vary the terms of a valid written instrument is found in both civil and common law. Although Article 2276 would seem to extend the prohibition to apply to agreements made subsequent to the written contract, it has long been held that the rule in this state is substantially the same as that at common law. Thus in the recent case of Salley v. Louviere, (183 La. 92, 162 So. 811) the Supreme Court said that `The words "or since" (in Article 2276) have reference to the phrase "what may have been said," and not to what may have been agreed to, since the making of the written contract,' so `the meaning is that parol evidence as to what the parties to a written contract may have said at any time shall not be admitted for the purpose of proving that they had an antecedent or a contemporaneous agreement contrary to that which was reduced to writing.'
"That parol may be introduced to prove an independent collateral agreement is a well recognized exception to the general rule. The question presented in the principal case is whether the bond between the two alleged agreements is sufficiently close to prevent proof of the oral agreement. `The test to determine whether the alleged parol agreement comes within the field embraced by the written one is to compare the two and determine "whether parties, situated as were the ones to the *616 contract, would naturally and normally include the one in the other if it were made."'"
In the instant case, under this test and in accordance with the weight of Louisiana Authority, it would seem that the parties "naturally and normally" would have included the alleged collateral agreementan important guarantyin the written contract, and therefore the parol proof should have been barred.
There was no fraud or error alleged or proven by the defendant and therefore the parol evidence should not have been admitted to add another term to the contract where the parties agreed in the written instrument that it should constitute the entire contract between them.
Counsel for defendant in his brief treats the contract as a sale and contends that the appellant's objection to the parol evidence was without merit as it was not to change the written instrument but to show that the warranty implied in all sales that the article purchased will be fit for its intended purpose was lacking in this particular case, and he cites Article 2520 of the LSA-Civil Code, Article 2541, and Article 2542; J. B. Beaird Co. v. Burris Bros., 216 La. 655, 44 So.2d 693; Hemenway, Inc., v. Roach, La.App., 175 So. 892. Relying upon the cases cited the defendant contends that he need not prove the exact cause which rendered the fiber glass incapable of functioning but is only required to show the failure of it to do so, and that he has shown "that, as a result of this insulation, his home has become much warmer and unbearably so", which is all that is necessary. Let us examine this contention in the light of the testimony.
While the contract in this case is one to install insulation should we accept the defendant's argument that the contract was one for the sale of insulation material, plaintiff's warranty would only be a warranty against redhibitory vices. The testimony shows that this was a new home and that the house was fully exposed to the sun, and it must be remembered that the insulation was placed only in the attic overhead and not between the walls, and further, that there is no testimony as to how hot the house was before this insulation was installed, except the lay testimony of plaintiff, his wife, and two friends of his wife that the house seemed hotter after the installation of the insulation than before. There is no contention that the four inches of fiber glass was not properly installed in the attic and there is no testimony showing any defect in the fiber glass itself, nor is there any proof that the high temperature in the house was due to the installation of the fiber glass. Defendant contends that he has proven his case by the testimony that the house was warmer after the installation of the fiber glass than it was before. Admitting it to be warmer after the installation of the fiber glass, this in itself is not sufficient to conclusively prove the failure of the fiber glass to function according to its intended purpose. It could easily be that without the fiber glass insulation the house would have been much hotter.
There is a letter in the record from the plaintiff to the defendant in which he states:
"The way I see it, your complaint is that your house is not any cooler since we insulated it. This could be caused by several things, primarily the construction of your house and the way you use your insulation. In some homes we have reports of a substantial decrease in room temperature and others very little. For this reason, we have never guaranteed to lower the temperature in any struction."
The District Judge was of the opinion that "the quality of the sale has failed", due to the fact that the house was warmer after the insulation than before. However, it has not been proven that the rise in temperature was due exclusively to the installation of the fiber glass.
We are of the opinion that the contract in this case was merely to install four inches of fiber glass in the attic of defendant's home, and that under the terms of the contract any testimony as to any additional warranty outside of the contract made by the salesman was inadmissible, but *617 even should we consider it as a sale, we are of the opinion that the defendant has failed to show any defect in the fiber glass or to show that the rise in temperature in his home after the installation of the fiber glass was due solely to the four inches of fiber glass placed in his attic in accordance with the contract.
For the reasons assigned, the judgment of the District Court is hereby reversed and it is now ordered that there be judgment in favor of the plaintiff and against the defendant as prayed for in the amount of $175 together with legal interest thereon from date of judicial demand until paid and all costs.