LOTTINGER, Judge.
This is a suit upon a number of promissory notes with Chattel Mortgages by Gulf States Finance Corporation d/b/a E. J. Gonzales Finance Corporation as petitioner, against Airline Auto Sales, Inc. and H. V. Carter as defendants. The Lower Court rendered summary judgment in favor of petitioner and against defendants and the defendants have taken a devolu-tive appeal.
The record discloses that the petitioner is the holder of fifty (SO) promissory notes, executed by Airline Auto Sales, Inc. and endorsed by' H. V. Carter, made payable upon demand and bearing interest at eight (8%) per cent from maturity until paid, and providing for attorney fees. The said promissory notes are secured by fifty (SO) Chattel Mortgages on fifty (50) automobiles. On February 28, 1964, the petitioner filed this suit against defendants alleging that nothing has been paid on the notes despite formal demand, and, as a result of the petition, the automobiles were sequestered. Defendants first filed a motion to dissolve the writ of sequestration which was denied by the Lower Court, and defendants subsequently answered the petition admitting that petitioner is the holder of promissory notes as well as the nonpayment of such, by alleging that, by collateral parol agreement the time of payment of said notes was changed. It is the contention of defendants that the petitioner was floor planning the automobiles of defendants, and that the oral agreement was to the effect that the notes would not be payable until the particular automobile covered by the note had been sold by defendants. Based upon the admissions contained in defendants’ answer, the petitioner moved for summary judgment, which was granted by the Lower Court.
The sole question before us is the admissibility of parol evidence to change the time of payment of the notes.
Article 2276 of the LSA-Civil Code provides as follows:
“Neither shall parol evidence be admitted against or beyond what is con *185 tained in the acts, nor on what may-have been said before, or at the time of making them, or since.”
The defendants contend that the present case is “four square on point” with Phillips v. Gillaspie, La.App., 167 So. 242, and Goldsmith v. Parsons, 182 La. 122, 161 So. 175. We, however, do not agree with this contention as the defense in both of the cited cases was failure or lack of consideration, in which event parol evidence is clearly admissible. We feel that this situation, presented is more within the realm of the facts considered by the Court in Fudickar v. Inabnet et al., 176 La. 777, 146 So. 745. In that case, the Court said:
“It appears, therefore, that the clear purpose of the excluded testimony was to show, not want of consideration for the issuance of the note, but that at the time the note was executed an independent agreement was entered into between the parties providing for the payment of the note in a manner different from that stipulated in the note itself.”
The defendants also cite United Engineering Company of Louisiana v. Durbin, La.App., 68 So.2d 614. In this particular case there was a written contract between the parties for the installation by petitioner of a roof on the home of defendant. After completion of the job, the petitioner sued for payment, and the defendant answered contending that the roof was defective, and by parol agreement between the parties, the petitioner had made certain warranties with which he had not complied. In this suit the Court refused the introduction of parol evidence to contradict the written contract upon the basis that the written and oral agreements were so close to one another that one would naturally and normally include the other if it were made and that now the verbal agreement could not be shown to contradict the written contract. We feel that this same doctrine is present in the instant case to an even greater extent, because, while in the cited case the oral agreement would tend to extend or enlarge the written contract, in the instant case the verbal agreement would defeat an important and necessary part of the promissory note, i. e., the time for payment.
The instant suit is based upon promissory notes, secured by Chattel Mortgages, made payable upon demand. The defense is based upon an alleged independent verbal agreement which would serve only to change the time of payment of the notes. The defendant contends that the verbal agreement was to the effect that the notes would not be payable until the defendant sold the automobiles. This defense would not come under any of the exceptions to the parol evidence rule, but comes flatly within the prohibitions of Article 2276 of the Louisiana Civil Code.
Furthermore, we feel that there is no question but that the parties intended these promissory notes as negotiable instruments which are required to be in writing. Louisiana Revised Statutes, Title 7, Section 1. This statute requires that a negotiable instrument must be payable on demand or at a fixed or determinable time. Louisiana Revised Statutes, Title 7, Section 4, further provides that an instrument payable upon a contingency is not negotiable.
If we were now to admit parol testimony so as to change the time of payment of these notes to such times as the automobiles are sold, we would be defeating the negotiability of the notes as the sale of the automobiles is contingent solely upon the will of the defendant.
The Lower Court was correct in excluding the parol evidence under the provisions of Article 2276 of the LSA-Civil Code, and there will be judgment accordingly.
For the reasons assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendants.
Judgment affirmed.