181 So.2d 36

**GULF STATES FINANCE CORPORATION**
d/b/a E. J. Gonzales Finance Corp.

v.

**AIRLINE AUTO SALES INCORPORATED,**
and H. V. Carter.

No. 47725.

Nov. 8, 1965.

Rehearing Denied Dec. 13, 1965.

Joel B. Dickinson, Baton Rouge, for defendant-applicant.

Douglas M. Gonzales, Frank Foil, Baton Rouge, for plaintiff-appellee.

FOURNET, Chief Justice.

We granted a writ of certiorari in this case on the application of defendants in

order that we might review the judgment of the Court of Appeal for the First Circuit affirming, on plaintiff's motion for summary judgment on the pleadings, the judgment of the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge against them, jointly and in solido, in the amount of $39,950, with interest and attorney fees, and, in addition, maintaining plaintiff's writ sequestering the 50 motor vehicles seized thereunder, as well as recognizing the chattel mortgages held by plaintiff that were given it by defendants as security for the 50 notes on which this suit is predicated. See, 172 So. 2d 184.

The plaintiff, Gulf States Finance Corporation, doing business as E. J. Gonzales Finance Company, as holder of the 50 promissory notes payable to bearer on demand—bearing dates varying from July 17, 1963, to and including January 17, 1964—executed by defendant Airline Auto Sales, Incorporated, as maker, and indorsed by its principal stockholder, the defendant H. V. Carter, each being secured by a chattel mortgage on a motor vehicle in favor of "E. J. Gonzales Finance Company," and conditioned to bear interest at the rate of 8% per annum from maturity until paid and providing for the payment of attorney

fees of 25% on the principal and interest due if the holder had to resort to legal action for collection, instituted this suit on April 28, 1964, on these notes, alleging that nothing had been paid on the said notes despite formal demand made on defendants on April 24, 1964, and that the motor vehicles given in security for the payment thereof were in the possession of the defendant Airline Auto Sales, Incorporated, and within its power to conceal, dispose of, or remove from East Baton Rouge Parish, prayed for judgment on the notes against the defendants, jointly and in solido, for the sum of $39,950, with interest and attorney fees, and secured a writ of sequestration directing the sheriff to seize and sequester the subject motor vehicles.

In a motion to dissolve the writ of sequestration as having been wrongfully issued on the ground plaintiff's allegations were "untrue and * * * without foundation in fact or law," the defendants sought damages of $28,000.[1] In the motion they averred that the vehicles could not have been disposed of, concealed, or removed from the parish to plaintiff's prejudice since they were subject to chattel mortgages duly recorded pursuant to an oral "floor-planning agreement" entered into between the parties February 27, 1961, under which

---

1. This is as follows:
$10,500 for breach of contract.
  5,000 for mental pain and anguish
  5,000 for embarrassment and humiliation

  5,000 for damage to reputation and loss of business
  2,500 for attorney fees

agreement, and in accordance with the custom of the trade, each note became due and payable only when the chattel securing it was sold, and that while plaintiff did notify defendants about February 24, 1964, it would no longer "floor-plan" their automobile business, it nevertheless agreed to continue to finance the sale of the cars at the time "floor-planned" by it, as well as such cars as might be taken as trade-ins when these automobiles were sold.

After this motion had been overruled by the trial judge, the defendants, in answer, admitted the plaintiff held the notes sued on, that they were secured by chattel mortgages as alleged, and that nothing had been paid on any of these notes. They denied, however, formal demand had been made upon them for payment on April 24, 1964. Further answering, they reiterated the allegations in the motion to dissolve the writ with respect to the manner in which the notes had been executed and delivered, i. e., pursuant to an oral "floor-planning agreement," that had existed between the parties since February 27, 1961, and the plaintiff, by instituting this suit and seizing and removing under the writ the vehicles

that were their stock-in-trade without cause or justification, had breached this agreement, thereby forcing them out of business, as a result of which the defendants sought, in reconvention, to recover from the plaintiff $47,500.[2]

The plaintiff categorically denied all of the allegations made in reconvention and averred that the "only contract ever made concerning floor-plan financing of automobiles owned by defendant-plaintiff in reconvention, * * * arose on an individual vehicle basis and was evidenced by the execution of a promissory note and chattel mortgage which contained all of the terms of that contract."

Plaintiff then moved that defendants show cause why judgment should not be rendered on the pleadings with the affidavits on file, and the district court rendered judgment accordingly. In affirming this judgment, the appellate court reasoned, as had the trial judge, that since defendants admitted plaintiff held the 50 notes on which nothing had been paid, there was no genuine issue of a material fact, as, under Article 2276 [3] of the Revised Civil

---

2. This is as follows:
   $12,500 for breach of the floor-plan agreement
   12,500 for illegal seizure of all cars constituting stock-in-trade
   12,500 for damage to reputation of defendants as car dealers
   5,000 for embarrassment and humiliation
   5,000 for attorney fees

3. Article 2276 of the Revised Civil Code provides that "Neither shall parol evidence be admitted against or beyond what is contained in the *acts*; nor on what may have been said before, or at the time of making them, or since." (The emphasis has been supplied.)

Code, parol evidence was not admissible to show the notes had been executed pursuant to an oral "floor-planning agreement" between plaintiff and defendants.

Under the express provisions of the Code of Civil Procedure, in resolving a motion for a summary judgment "all allegations of fact in mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true," (Article 965), and "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law," the judgment shall be rendered forthwith. Article 966.

■ The defendants having specifically denied plaintiff's allegation that a formal demand for payment of the notes had been made upon them prior to the filing of this suit, a genuine issue of material fact was created. It therefore follows that if defendant did not receive such notice, the judgment on the face of the papers was improvidently granted.

While it is true plaintiff's president did declare in a supporting affidavit that formal demand for payment of the notes had been made on defendants by a certified special delivery letter dated April 23, 1964, and that a copy of the letter and receipt was being attached, we do not think this satisfactorily resolves the issue, for neither the copy of the letter nor the receipt are to be found in the record and defendants, in supporting affidavit, denied receiving notice prior to the institution of this suit, or that the notes were due for the reasons set out in the pleadings.

■■ We think the trial judge erred in not allowing the admission of parol evidence under the facts of this case. While the rule universally obtaining where an instrument is required by law to be in writing, or where the parties adopt that mode of contracting, is to the effect that parol evidence is not admissible to contradict, vary, or modify such instrument—and, of course, a most salutary one, being necessary to prevent frauds and perjuries, as well as to protect the real interest of the parties—as pointed out in Ruling Case Law, "in order to prevent the rule from being invoked as a shield for fraud and from being so applied as to work injustice, the courts have from time to time laid down many exceptions and modifications thereof. * * * Many of the exceptions to the parol evidence rule are quite as well settled as the general rule and require only a mere statement. It may not be contended for example, that, *as between the parties to an instrument* parol evidence is incompetent to show fraud, mistake, illegality, want or failure of consideration, to explain an ambiguity when such explanation is not inconsistent with the written terms, or *to show that the writing is only a part of an entire oral*

*contract between the parties.*" 3 R.C.L. 869, Sections 52 and 53. See, also, 12 Am. Jur.2d 272, Sections 1241–1243; 9 Wigmore on Evidence (Third Edition) 97–102, Section 2430; Section 2440 at page 127; Section 2442 at page 132; and Section 2443 at page 138. Compare, Faux v. Fitler, 223 Pa. 568, 72 A. 891; Kilday v. Baskette, 36 Tenn.App. 479, 259 S.W.2d 162; Hansen v. Yturria, Tex.Civ.App., 48 S.W. 795; Hansen v. Yturria, Tex.Civ.App., 48 S.W. 797; Drover's Cattle, Loan & Invest. Co. v. McGraw, 150 Minn. 50, 184 N.W. 365; Evans v. Freeman, 142 N.C. 61, 54 S.E. 847; Farrington v. McNeill, 174 N.C. 420, 93 S.E. 957; Martin & Garrett v. Mask, 158 N.C. 436, 74 S.E. 343, 41 L.R.A.,N.S. 641; Germania Bank of Minneapolis v. Osborne, 81 Minn. 272, 83 N.W. 1084; Croyle v. Cambria Land & Improvement Co., 233 Pa. 310, 82 A. 360; Cake v. Pottsville Bank, 116 Pa. 264, 9 A. 302, 2 Am.St.Rep. 600; Fischer v. Dalmas, 173 Pa. 296, 34 A. 435; Alexander v. Righter, 240 Pa. 22, 87 A. 427; Gandy v. Weckerly, 220 Pa. 285, 69 A. 858, 18 L.R.A. N.S., 434, 123 Am.St.Rep. 691; Excelsior Sav. Fund & L. Assn. v. Fox, 253 Pa. 257, 98 A. 593; and Clinch Valley Coal & I. Co. v. Willing, 180 Pa. 165, 36 A. 737, 57 Am.St.Rep. 626. (The emphasis has been supplied.)

As pointed out by Greenleaf in his work on evidence, in cases where the original contract was verbal and entire, and only a part of it was reduced to writing, many courts of this land, and particularly those of England, "do not hesitate to act upon the exception, especially where that seems the only mode of reaching the justice of the case, and of enabling one party to escape from the fraud or injustice of the other." Redfield's Edition, page 321, Section 284a. This is in accordance with our jurisprudence. See, Goldsmith v. Parsons, 182 La. 122, 161 So. 175.

In the Goldsmith case it was contended, as in the case under consideration, that parol evidence was inadmissible to show that the note sued on was executed and delivered pursuant to a verbal agreement whereby Goldsmith, an insurance agent, induced his friend Parsons to take out life insurance policies aggregating $50,000, but since Parsons was financially unable to pay the first premium, Goldsmith agreed to take Parsons's note with the understanding he would remit his commission if Parsons was financially unable to pay it in full when due, thus allowing Parsons to discharge his obligation on the note by paying only so much as Goldsmith would be required to pay the insurance company. In reversing the appellate court, we held the trial court had properly admitted parol evidence to show the conditions under which the note was issued and delivered since the agreement "is a verbal one and neither the note nor the insurance policies alone constitute the agreement but are the

result of the main agreement which is verbal."

In other words, the note executed by Parsons payable to Goldsmith was a unilateral instrument and only prima facie evidence of the relationship between the parties. It was not a document that purported to integrate or embody in full all the agreements of the parties at the time it was made and delivered; consequently, the parol evidence rule did not preclude proof of the real terms of the agreement.

The facts of the instant case give rise to even stronger reasons for the invocation of this exception to the parol evidence rule, and speak eloquently of the wisdom on which it is predicated, for while the plaintiff in answer to the reconventional demand admitted an agreement existed between the parties for the "floor-plan" financing of defendants' automobiles, contrary to defendants' contention as set out in their pleadings—to the effect that under this agreement, which was in accordance with the custom of the trade, the notes were only due and payable upon the sale of the particular automobile securing the specific note executed in connection therewith—the plaintiff in its answer averred the demand notes and mortgages executed under this "floor-plan" agreement contained all of the terms of the contract between the parties.

■ We think this clearly raised another genuine issue of material fact that must be resolved in order that justice may be done to all parties. If the contention of defendants is correct, and they are not permitted to show, if they can, that by their execution and delivery to plaintiff of the promissory notes forming the basis of this suit they were performing an obligation in accordance with their oral agreement that induced them to execute the notes, it would not only cause a grave injustice, resulting in irreparable injury to defendants, but would, in fact, perpetrate a fraud upon them. Under these circumstances, we think this case fully justifies the invocation of the exception to the parol evidence rule above discussed.

For the reasons assigned, the judgment of the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, and that of the Court of Appeal for the First Circuit, are reversed, and the case is remanded to the district court for consideration consistent with the views herein expressed. The costs in this Court are to be paid by the plaintiff. All other costs are to await the final determination of the matter.

SANDERS, J., concurs with written reasons.

HAWTHORNE, J., dissents.

HAWTHORNE, Justice (dissenting).

In my view parol evidence is not admissible to change the due dates of the

·negotiable . promissory notes in this case, and the judgment of the Court of Appeal should be affirmed.

The lack of demand for payment was not an issue before this court, and, moreover, was not even mentioned in the opinion of the Court of Appeal.

SANDERS, Justice (concurring).

I am of the view that parol evidence is inadmissible to prove the notes were payable when the · automobiles were sold, rather than on demand as recited in the notes and mortgages. If parol evidence were admissible, the alleged oral agreement would overlap and contradict the detailed content ·of the written instruments. LSA–C.C. Art. 2276;· Fudickar v. Inabnet, 176 La. 777, 146 So. 745; Clasen v. Excel Finance Causeway, Inc., La.App., 170 So.2d 924; . Jonesboro State Bank v. Jones, La.App., 160 So. 187. See also Britton, Bills and Notes, (2d ed., 1961), § 52, pp. 122–126, and the numerous decisions cited.

I agree with the majority that there is a genuine issue as to whether a demand for payment was made prior to suit. · ·

This is a material fact in the present case. An action on a demand note may be sustained without a pre-suit demand. Bielanski v. Westfield Sav. Bank, 313 Mass. 577, 48 N.E.2d 627, 147 A.L.R. 1104; 11 Am.Jur. 2d; Bills and ·Notes, § 286, pp. 311–312; 12 Am.Jur.2d, Bills and Notes; § 1033, p. 48; Beutel's Brannan Negotiable Instruments Law (7th ed., 1948), §§ 7(1), p. 305; Annotation, 147 A.L.R. 1109. In these notes, however, the demand for payment starts the running of the contractual eight percentum interest. Hence, without a pre-suit demand, the interest accrues only from judicial demand.

For the reasons assigned, I concur in the decree.