REGAN, Judge.
The plaintiff, Dorvin-Huddleston Developments, Inc., filed this suit against the defendant, United Services, Inc., endeavoring to recover sum of $4,051.08, representing damages which it asserts resulted from the defendant’s breach of its contract to install McGraw-Edison air-conditioning and heating equipment together with related duct work and other accessories in twenty-nine dwelling units which composed the Brentwood Apartments located in 3029 Ridgelake Drive, Metairie, Louisiana.
The defendant answered denying that it had breached the contract and asserted therein that it had timely and efficiently commenced with the work in conformity with the terms and conditions of their agreement. The defendant explained that upon completing the roughing-in work on the first twelve units, it was advised by Edwin Dorvin, president of the plaintiff corporation, that the contract was cancelled and that the defendant was to remove all material and workmen from the job site. The defendant insists that this cancellation was arbitrary, capricious and without valid cause and, in fact, constituted a breach of their contract on the part of the plaintiff herein. In any event, after the occurrence of this breach, the defendant sent a telegram to the plaintiff advising it of its readiness and willingness to complete the contract, after which, it was informed by the plaintiff that a second agreement had been entered into with another heating and air-conditioning contractor. The defendant points out that after the cancellation of the agreement it billed the plaintiff for $4,-538.64 expended for labor and materials in installing the rough-in work for the first twelve units, which amount was voluntarily paid.
A reconventional demand was filed by the defendant endeavoring to recover the sum of $2,500.00 expended for labor and materials in preparation of extensive duct work, vents, dampers and other equipment in anticipation of completing the contract and which were rendered worthless upon the cancellation thereof. The defendant also seeks to recover $3,794.40 which represents an anticipated profit of 20% of $18,972.00, the total contract price, which it would have been paid had it been permitted to complete the work and for a reasonable attorney’s fee.
From a judgment in favor of the defendant in the amount of $2,052.36 with legal interest thereon from date of judicial demand until paid, the plaintiff has prosecuted this appeal. The defendant has answered the appeal and requests that the judgment rendered in its favor be affirmed but amended from $2,052.36 to $7,832.00 together with a reasonable attorney’s fee in connection with the recovery thereof.
The record discloses that on November 19, 1965, United Services, Inc., entered into a contract with Dorvin-Huddleston Developments, Inc., in which it agreed to install central air-conditioning and heating equipment in twenty-nine dwelling units which comprised the Brentwood Apartments, in 3029 Ridgelake Drive, Metairie, Louisiana, for a total price of $18,972.00. The contract did not specify any particular brand of air-conditioning or heating equipment. It did specify that 26,000 BTU cooling and 8 KW electric heating units were to be installed in the three bedroom and two bedroom second story apartments, and 22,000 BTU cooling and 6 KW electric heating units were to be installed in the nursery, two bedroom apartments in the manager’s building and two bedroom apartments located in the first story. The duct work was to be designed to the specifications of Unit *227 ed Services, Inc. Payment terms were for 60% of the rough-in work and 40% on completion of the contract. The offer was made and signed by M. Paul Holmes, Jr., vice-president of United Services, Inc., and it was accepted by Dr. Edwin C. Dorvin, Jr., president of Dorvin-Huddleston Developments, Inc. The agreement is not dated; however, it is conceded that it was entered into on November 19, 1965. No date was stipulated for the work to begin nor for its completion. However, Holmes testified that he promised to commence as quickly as possible, which was to be as soon as platforms were constructed by the carpenters on the job. Since these platforms were not completed until November 24, 1965, work was not commenced until that time.
On December 3, 1965, about fifteen days after entering into the contract, United Services, Inc., was notified by Dorvin-Hud-dleston Developments, Inc., that the agreement was cancelled and that all of United’s employees were to be removed from the premises of Brentwood Apartments by December 6, 1965, and that it could complete work'already begun between December 3rd and December 6th, but no new work was to be started. The reason offered for this cancellation was that United Services, Inc., had failed to commence and proceed with installation of the equipment as promptly as was promised and that because of this delay, another contractor would assume the obligation of installing the cooling and heating units. No complaint was made relative to the equipment used and work performed.
When the cancellation occurred, United Services, Inc., had roughed-in portions of twelve units of air handlers together with the duct work. Equipment installed consisted of Dayton blowers with a warranty of one year from the date of installation and Heatrix heat strips with a warranty of one year from installation. McGraw-Edi-son coils, which were to be installed, were warranted for five years from date of installation. The cabinets into which these component parts were placed were custom-made by United and were warranted for one year from the date of installation by it. These cabinets were designed for a space having a depth of about 21 inches which was one of the reasons they were custom-made.
On December 7, 1965, United Services, Inc., telegraphed Dorvin-Huddleston Developments, Inc., advising them that it was prepared to fulfill the contract but that it had been prevented from doing so as a result of the plaintiff’s refusal to permit United’s crews on the job site.
On December 3, 1965, Dorvin contacted Berner’s Inc., with whom he entered into an oral contract for installation of the cooling and heating units in the Brentwood Apartments. It was not until February 7, 1966, that an estimate was prepared by Walter J. Bott, an employee of Berner’s, for the cost of completing the installation begun by United. The estimate was based on retention of the custom-made units of United; however, Bott suggested that new Bryant air handlers, having a factory warranty for one year, should be installed in lieu of attempting to complete the custom-made equipment, which, Bott stated, was without such a warranty. Thereafter, new Bryant air handlers were installed by Berner’s.
It was not until February of 1966, that Dorvin-Huddleston urged its defense that the contract with United was breached because of United’s failure to install only McGraw-Edison equipment. It attempted to introduce a proposal by United calling for McGraw-Edison equipment, which was never accepted by Dorvin-Huddleston, in order to prove that it was the intent of the parties to use only this brand of equipment. The lower court refused to admit this parol evidence as it found no ambiguity on the face of the contract despite the presence of a blank space provided for the possible *228 insertion of a particular brand.[1] After an analysis of the contract, we are in complete accord with the trial court that there is no ambiguity on the face of the agreement so as to warrant the introduction of parol evidence.
The jurisprudence in Louisiana is well settled to the effect that parol evidence may be used to show fraud, mistake, illegality, want or failure of consideration, to explain an ambiguity if such explanation is not inconsistent with the written terms, or to reveal that the writing is only a part of an entire oral contract existing between the parties.[2] Parol evidence, of course, is inadmissible to vary, alter or add to the terms of a written contract.[3]
 In this case, there is no ambiguity, to reiterate, on the face of the agreement. It is quite clear that no specific brand of equipment was made a part of the contract, and the prior proposal specifying McGraw-Edison equipment is inadmissible under the parol evidence rule. The evidence adduced herein shows conclusively that capacity of the equipment, and not the brand thereof, was the essence of the contract. Therefore, the trial court was correct in its finding that Dorvin-Huddle-ston Developments, Inc., has failed to prove by a preponderance of evidence that the installation of McGraw-Edison equipment was contemplated by the agreement, nor has it proved that the equipment used and the work performed by United Services, Inc., failed to meet generally accepted standards. The evidence discloses that United did install twelve units with sufficient performance to justify the payment of $4,538.64 received from Dorvin-Hud-dleston, and the necessity for removal of these units was never shown. There was no evidence offered to show that the units would not have functioned properly had United been permitted to complete their installation, and contrary to the assertion by Bott, the parts used were warranted by the factory and the cabinets and duct work were warranted by United. Therefore, no breach of the contract by United Services, Inc., ever occurred because of the plaintiff’s assertion that it had agreed to install McGraw-Edison equipment. In addition, there was no evidence adduced of undue delay in commencing and proceeding with the work pursuant to the contract. To reiterate, the contract was entered into on November 19, 1965, and on that date a purchase order was issued for blowers and air handlers. Platforms were not completed until November 24, 1965, by carpenters on the job, which delayed commencing through no fault of United. Despite this delay, within fifteen days after entering into the contract, United had roughed in twelve units and prepared other equipment for installation. Therefore, the cancellation by Dorvin-Huddleston of its contract with United without just cause constituted a breach on the part of Dorvin-Huddleston.
In the event of a breach of the contract by the purchaser, the terms thereof provide that:
“ * * * Cancellation of contract by purchaser, after accepting, shall immediately place purchaser in default, as will failure to make payments due at times specified, and maximum legal rate of interest plus 25% of principal and interest of this total contract shall be added to same for collection or legal fees, here agreed upon as liquidated damages.”
Although United attempted to recover actual damages and did not specifically pray for liquidated damages, the court *229 may award them as provided by Code of Civil Procedure Article 862 which reads:
“Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.”
Damages delineated in the reconventiohal demand consist of $2,500.00 loss of labor and materials and $3,794.40 loss of anticipated profits. The judgment of the lower court awarded United liquidated damages and the cost of the work performed by it less the amount of the payment to United by Dorvin-Huddleston. The judge arrived at this conclusion by virtue of the following computation. Liquidated damages amounts to $4,743.00. Installation of the twelve units was at a cost of $1,636.00 and two air handlers $212.00 which totals $6,591.00. The payment by Dorvin-Hud-dleston Developments, Inc., was $4,538.64 which was deducted from $6,591.00 leaving a balance due United of $2,052.36 for which judgment was rendered in favor of United.
However, pursuant to the contract providing for liquidated damages, this judgment should be amended so as to award the defendant liquidated damages in the amount of $4,743.00 in addition to the payment of $4,538.64 already received for the rough-in work performed by United. Since liquidated damages cover the cost for collection and legal fees according to the terms of the contract, attorney’s fees, as such, must be denied.
For the foregoing reasons, the judgment of the lower court is affirmed insofar as it rendered judgment in favor of United Services, Inc., and dismissed the suit of Dorvin-Huddleston Developments, Inc. It is amended so as to award to United Services, Inc., liquidated damages in the amount of $4,743.00 together with 5% interest thereon from the date of this judgment in addition to the $4,538.64 received previously for work performed.
The plaintiff is to pay all costs incurred herein.
Affirmed in part, amended in part, rendered.

. The sentence in the contract reads as follows: “We respectfully submit our quotation for _ central air conditioning, and/or heating, for approval.”

. Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965).

. Snow-White Roofs, Inc. v. Boucher, 182 So.2d 846 (La.App.1966).