ELLIS, Judge.
This suit is for possession of certain leased premises by the sub-lessor, American Oil Company, against its sub-lessee, Roland J. Robert, Distributor, Inc. From an adverse judgment, defendant has appealed.
Defendant was a distributor of gasoline and petroleum products for plaintiff. One of the defendant’s dealers, who was operating a combination grocery and service station on premises leased by him from a third party, consulted defendant relative to putting a modern service station on the property. Various negotiations were conducted by plaintiff, defendant, the dealer, and the owner of the property.
As a result of these negotiations, the dealer got a new lease from the owner. He, in turn, sub-leased the premises to defendant. This lease obligated the dealer to construct a service station on the premises, at a cost not to exceed $28,000.00, in accordance with certain plans and specifications. It further provided that if the lessor did not do so, the lessee (defendant) could do so, and withhold payment of rental thereunder until the cost of the improvements were repaid. Defendant then subleased the property to plaintiff. This lease contained exactly the same provisions for construction of improvements as did the lease from the dealer to defendant. Plaintiff then leased the property back to defendant. This last lease contained a provision for automatic termination if the distributor contract between plaintiff and defendant terminated. All of the above leases were executed on May 1 and May 3, 1961.
On July 3, 1967, defendant notified plaintiff that the distributor contract was cancelled as of December 31, 1967. On November 30, 1967, plaintiff notified defendant that the subject lease was also cancelled as of December 31,1967.
Defendant refused to deliver the leased premises to plaintiff at that time, and plaintiff brought this suit.
Defendant contends that the various lease contracts involved in the transactions are not binding on it for a number of reasons :
First, it is claimed that the leases do not reflect the intent of the parties.
Second, defendant claims the contracts are void because of mistake, in that it believed that the leases would be read together and not separately, and construed with the distributor contract.
Third, it is alleged that there was no mutuality of consideration since by the terms of the leases the same consideration had to be paid by each lessee to each lessor, so that whatever was received by defendant under its lease with Amoco had to be paid to its lessor. It further claims that it was not compensated for the improvements placed on the property.
Finally, it claims that the termination clause is a potestative condition, which voids the lease.
In answer to the specifications of error, plaintiff alleges that parol evidence is not admissible to alter or vary the terms of a written instrument; that the various leases, by their own terms, are to be considered as separate documents, and that each lease expresses a valid consideration.
If parol evidence is to be heard in a case such as this, it must be such as to prove fraud, mistake, illegality or want, or failure of consideration. Civil Code, Article 2276; Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965). In ordinary proceedings such matters must be alleged. In a summary matter, which can go to trial without answer being filed, evidence as to any special defense is admissible.
Our review of the record does not reveal that defendant has carried the burden of proof necessary to show any of the above elements. The “fraud” testified to is a statement by plaintiff’s representative that defendant did not need a lawyer. The *146 “mistake” testified to is an alleged belief on the part of the president of the defendant corporation that the various lease instruments would he interpreted together, rather than separately. There is no testimony that anything said or done by or on behalf of plaintiff was designed to mislead or defraud defendant, or that any of the contents of the leases were in any way misrepresented. The testimony is therefore without effect, and the case must be decided on the basis of the written instruments in the record.
Each instrument contains language to the effect that it is separate and independent of any other transaction. Under these circumstances, we can see no reason why they should be construed together. Therefore, this case must be decided on the basis of the provisions contained in the lease from plaintiff to defendant which contains the termination clause. In the absence of admissible testimony to the contrary, the lease must be found to express the intent of the parties thereto, in all its essential elements. Articles 2236, 2238, 2242, Civil Code.
The lease provides that it shall be terminated if the distributor contract is terminated. The distributor contract was terminated by the defendant. The lease is therefore terminated under its own terms.
We do not find that the termination clause complained of contains a potes-tative condition of the type necessary to void the contract. The clause makes the lease contingent on the existence of the distributor contract. The distributor contract contains a provision making it can-cellable by either party, on giving of suitable notice. This is not an event depending solely on the will of plaintiff, and the contract is not nullified thereby. Civil Code Articles 2024, 2034, 2035.
The judgment appealed from is affirmed, at defendant’s cost.
Affirmed.