FRUGÉ, Judge
(dissenting).
I respectfully dissent.
The majority opinion concludes that the contract is unambiguous and that the Standard Terms and Conditions apply to the line extension. I am unable to agree.
Condition 2 of the contract provides that any water furnished by CLECO will be furnished pursuant to the Standard Terms and Conditions. However, in Condition 3 CLECO obligates itself to provide for and furnish water needed by plaintiffs on their tract. Nothing in Condition 3 limits the obligation of CLECO to provide water to plaintiffs’ tract. There is no reference to the Standard Terms and Conditions.
In my opinion Conditions 2 and 3 are conflicting and make the contract ambiguous.
The law of this state is settled that where a contract is ambiguous, parol evidence is admissible to establish the parties’ intent. Gulf States Finance Corporation v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965); Monsur v. Thompson, 300 So.2d 655 (La.App. 3rd Cir. 1974).
The contract was prepared by (now Judge) I. J. Guillory. Judge Guillory, who was not acting as a representative of either side, testified that the intent was that CLECO would be responsible for installations on plaintiffs’ land, and that the Standard Terms and Conditions would come into play only after such installations were made.
While I am cognizant that Judge Guillo-ry’s intention is not controlling, I am convinced that his testimony reflects the intent of the parties in contracting.
I would therefore reverse the judgment of the trial court to hold that CLECO must pay the cost of the line extension. Therefore, I respectfully dissent.