LANDRY, Judge.
This appeal by plaintiff, Daniel G. Griffin (Appellant), is from the judgment of the trial court rejecting his demands against defendant, Seismic Services, Inc. (Appellee), for specific performance of a contract to sell a checkwriting machine, and for damages for alleged defamation by Ap-pellee’s President, T. Warren Michot (Mi-chot). In oral argument before this Court, Appellant, who prosecutes this appeal in proper person, abandoned his claim for damages for alleged defamation. The trial court rejected Appellant’s demand for specific performance upon finding that Appel-lee’s agreement to purchase a checkwriter from Appellant was vitiated by errors of fact, namely, that Michot was mistaken with regard to the make of machine offered for sale by Appellant, and as to the manufacturer whom Appellant allegedly represented. We affirm.
Appellant maintains the lower court erred in the following respects: (1) Not applying the doctrine of res ipsa loquitur; (2) believing the testimony of Appellee’s witnesses rather than that of Appellant; (3) admitting parol evidence to vary the terms of a written document, namely, a purchase order signed by Michot, and (4) finding that any error of fact existed.
It is conceded that for several years prior to August 11, 1970, Appellant was self-employed as a salesman of several types of office machines, principally checkwritcrs. At one time, Appellant represented Paymaster Corporation, manufacturer of a checkwriter bearing the brand name Paymaster. Each time Appellant sold a check-writer, he also sold or attempted to sell the purchaser a policy of insurance against fraudulent use of the machine. Michot, President of defendant corporation, also owned and controlled several other companies which he operated out of a single office. In his businesses, Michot used a Paymaster checkwriter. Approximately one or two years prior to the sale in question, Appellant called on Michot, ascertained that Michot’s insurance contract on his Paymaster had another year or two to run and made some minor adjustments on the Paymaster checkwriter. Appellant did not attempt to sell Michot a new check-writer at this time. On an undisclosed date prior to August 11, 1970, Appellant’s authority to represent Paymaster Corporation was terminated. On August 11, 1970, Appellant sold Michot an F & E check-writer for the price of $95.00, and a new insurance policy on the machine. Later that same day, Michot learned that Appellant no longer represented Paymaster, and that the machine he purchased was not a Paymaster. Michot stopped payment on the check issued to Appellant, and wrote the insurance company canceling the contract on the ground that Appellant falsely represented himself to be the agent of Paymaster Corporation.
In essence, Appellant testified that approximately one week prior to the sale, he called at Michot’s office and introduced himself to Michot’s secretary, Paula Van Ness, as “Dan Griffin, Checkwriter Service.” Michot was not in at the time. Approximately one week later, on August 11, 1970, he returned, introduced himself in the same manner, and was ushered into Mi-chot’s private office. He introduced himself to Michot as “Dan Griffin, Checkwriter Service”, and began his sales routine. Mi-chot produced his old checkwriter and Appellant demonstrated certain defects in the machine, primarily, how numbers printed by the old Paymaster could be altered. Appellant then took out a new F & E check-writer, demonstrated the machine and explained its advantages over the old Paymaster model. He answered Michot's numerous questions about the machine, and also pointed out that the F & E machine was slightly more expensive than a Pay *925 master. He told Michot, however, that if Michot bought the new F & E machine and renewed his insurance, Appellant would sell Michot the F & E checkwriter for $95.00 and pay the tax involved. Michot then wrote a check for $95.00 payable to Dan Griffin, Checkwriter Service, and Appellant requested Michot to sign a purchase order for the machine. At first, Michot declined to sign the order stating that it was unnecessary since he had given a check in payment. Appellant, however, insisted that a signed purchase order was required by the manufacturer of the machine, whereupon Michot signed the document which covered the sale of an F & E checkwriter. Appellant denied that he represented himself to Miss Van Ness and Michot as a representative of Paymaster Corporation. Appellant vigorously contended he made it clear to Michot that the machine involved was an F & E checkwriter, not a Paymaster.
Michot’s testimony, in substance, is that he is an extremely busy executive. He had used a Paymaster checkwriter in his several businesses for years and was satisfied with the service it gave. On the day in question, his secretary informed him that a representative of Paymaster Corporation wished to see him. Plaintiff entered the office introducing himself as Daniel Griffin with Paymaster, and indicated it was time for renewal of Michot’s insurance on his check-writer. Appellant explained the advantages of the new machine, and Michot assumed it was a Paymaster. Michot did not examine the new machine. He was extremely busy at the time in that he answered several telephone and radio calls within the 15 to 20 minutes interval Griffin was present. In essence Michot testified he would not have dealt with Griffin knowing that Griffin did not represent Paymaster Corporation, and would not have knowingly purchased any checkwriter other than a Paymaster. By coincidence, the Paymaster representative called at Michot’s office approximately two hours after Griffin left. Upon learning that he had not purchased a Paymaster machine, Michot called his bank and stopped payment on the check given Appellant. Michot explained that he made the check payable to Dan Griffin, Checkwriter Service, because Griffin requested it be made that way. He also stated he thought he was buying a Paymaster checkwriter when he signed the purchase order which he did not read.
Miss Van Ness testified simply that when Appellant called at her employer’s office, he introduced himself as a representative of Paymaster Corporation, and she in turn introduced plaintiff to Mr. Michot as a Paymaster representative.
The doctrine of res ipsa loquitur is .clearly without application herein. The principle of res ipsa loquitur applies in instances of accidental injury where the instrumentality causing plaintiff’s injury is within the exclusive control of defendant, and the circumstances attending the accident are such as to make out a prima facie case of negligence on defendant’s part. Day v. National U. S. Radiator Corporation et al., 241 La. 288, 128 So.2d 660. This be ing an action for specific performance of an agreement to purchase movable property, the doctrine of res ipsa loquitur is of no relevancy.
It is settled jurisprudence that the credibility of witnesses is a matter within the sound discretion of the trier of fact who has the opportunity to personally observe the witnesses and judge their demeanor, reaction and responses. For these reasons, the findings of the trier of fact will not be disturbed on appeal unless found to be manifestly erroneous. Murphy v. Piro, La. App., 240 So.2d 111. In this instance, the trial court accepted the testimony of defendant’s witnesses.
In oral reasons dictated into the record, the trial court accepted the testimony of Miss Van Ness and Michot to the effect that plaintiff represented himself to be the agent of Paymaster Corporation. The trial court likewise concluded that Michot would not have dealt with plaintiff knowing that plaintiff did not represent Paymaster Corporation and neither would *926 Michot have intentionally purchased a checkwriter which was not a Paymaster product. In view of the record, we cannot say that the lower court erred in either conclusion.
Neither do we find any error in the trial court’s admission of parol evidence to contradict the purchase order which called for the sale of an F & E machine. Notwithstanding LSA-C.C. art. 2275, which prohibits the admission of parol evidence to vary the terms of a written document, parol evidence is admissible to contradict a written instrument where fraud or error is alleged. Gulf States Finance Corporation v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36. We find, as did the trial court that defendant has established the error alleged.
Under our law and jurisprudence, a contract may be avoided for unilateral error as to the substance of some substantial quality of the subject matter of the agreement where the other party was apprised of the motive of the contract or where, from the nature and circumstances of the transaction, it must be presumed the other party was aware of the error. Jefferson Truck Equipment Co., Inc. v. Gua-risco Motor Co., Inc., La.App., 250 So.2d 211, and authorities therein cited. The requisite consent to a contract is lacking where an error of fact exists. LSA-C.C. arts. 1819 and 1820. To avoid a contract, an error of fact must pertain to the principal cause for making the agreement, meaning the error must exist either as to the motive for making the agreement or the person with whom the agreement is made, or to the subject matter of the contract itself. LSA-C.C. art. 1823; Jefferson Truck Equipment Co., Inc., above. Error as to the qualities of an object serves to vitiate a contract if such qualities constitute the principal cause for making the agreement. LSA-C.C. art. 1845.
We find, as did the trial court, that Michot was in error as to the person with whom he was making the agreement, and also as to the nature of the object of the agreement. We likewise agree with the implied finding of the trial court that plaintiff either knew of the mistakes under which Michot was laboring or because of the circumstances, it must be presumed plaintiff was aware of Michot’s error. Under these circumstances, the error on the purchaser’s part vitiates the contract.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.