Daniel G. GRIFFIN d/b/a Checkwriter
Service Co., Plaintiff,

v.

SEISMIC SERVICES, INC. through its
General Manager and President, T.
Warren Michot, et al., Defendants.

Civ. A. No. 72–2217.

United States District Court,
E. D. Louisiana.

Jan. 24, 1973.

Daniel G. Griffin, in pro. per.

Ralph D. Hillman, Walter Lanier, Thibodaux, La., William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, Baton Rouge, La., R. Louis Carruth, Asst. Atty. Gen., New Orleans, La., for defendants.

ALVIN B. RUBIN, District Judge:

The plaintiff complains that the state court wrongly decided against him on a state law cause of action for breach of contract and defamation, that the adverse decision by that court was erroneously affirmed by the state court of appeals, and a writ of certiorari was improperly denied by the Louisiana Supreme Court. He asks this court for a complete new trial of the issues decided by the state court between the same parties. Additionally he asks that this federal district court mandate the Louisiana Supreme Court to grant a writ of certiorari. He joins in this suit not only the persons who were parties to the state action, but also the Governor and Attorney General of the State of Louisiana, the Chief Justice of the Louisiana Supreme Court, the two judges of the Louisiana Court of Appeal who concurred in the opinion that he desires overturned, and the State Trial Judge. As a basis for jurisdiction he asserts the Equal Protection clause of the Fourteenth Amendment, the Due Process clause of the Fifth Amendment, 28 U.S. C. § 1343(3) and 42 U.S.C. § 1983.[1]

---

1. This last statute was not named in his complaint; it was mentioned incidentally in a later memorandum.

The present motion seeks dismissal of the claims against the various Louisiana public officials named in the suit.

We review briefly the state court proceedings: the plaintiff filed suit in the 17th Judicial District, Parish of La-Fourche, State of Louisiana, #26187, in October, 1970 against Seismic Services, Inc. demanding specific performance of a contract for the purchase of a checkwriter for $95.00. Later, he amended that suit to demand damages of $30,000 for defamation by T. Warren Michot, president of Seismic Services, Inc.

The facts as found by the state trial court on April 27, 1971 were that Griffin had sold an F&E checkwriter to Michot and received a check for $95.00. That court further found that both Michot and his secretary mistakenly believed that Griffin was a representative of Paymaster Corporation and had sold Michot a Paymaster checkwriter; when they discovered the error, two hours later, they stopped payment on the check. The trial court ruled against Griffin on the issues of fact and law, and also denied Griffin's claim for defamation, allegedly arising out of Michot's statement to the Soderman Insurance Agency that Griffin had misrepresented himself.

The First Circuit Court of Appeal of Louisiana expressly affirmed the decision of the lower court with respect to the breach of contract claim. Griffin v. Seismic Services, Inc., La.App., 1st Cir., 259 So.2d 923 (Judge Blanche dissenting). There was no review of the action for defamation, the court noting that at oral argument the plaintiff abandoned that claim, 259 So.2d at 924. An application for a writ of certiorari was then denied by the Louisiana Supreme Court.

Subsequently this suit was filed. Among the named defendants were the Governor, the Attorney General, the Honorable E. Howard McCaleb, the Honorables Paul B. Landry and Ben F. Tucker, Judges of the First Circuit Court of Appeals, and the Honorable P. Davis Martinez, the trial judge.

■ The judges named as defendants were exercising their authority in fulfilling the duties imposed upon them by state law. The complaint against them is that they did not read the record in full and did not decide the case correctly. But even if it be shown that these allegations are true, the federal constitution has never been held to regulate the reading and research that a judge must accomplish or the mental processes that he must follow in reaching a decision. The method by which decisions are made is within the area of judicial discretion, being regulated neither by statute nor constitution. Indeed, the varying procedures by which decisions are arrived at is the subject of a vast body of legal literature. B. Cardozo, The Nature of the Judicial Process; O. W. Holmes, The Common Law; L. Hand, The Art and Craft of Judging.

■ Judges are bound by precedent and by a duty to afford due process to litigants. Due process involves adequate notice of proceedings and an opportunity to be heard; it has never been held to require that a presiding judge prove that he has read the entire record.

■ Insofar as the complaint seeks to assert a claim against the judges personally, it is well settled that judges, acting in their judicial capacity, are immune from civil liability. This immunity is not for the protection of the judge, but rather for the "benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 1967, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 quoting with approval from Scott v. Stansfield, L.R. 3 Ex. 220, 223 (1868). "Imposing such a burden [of liability] on judges would contribute not to principled and fearless

decision-making but to intimidation." Pierson v. Ray, *supra* 87 S.Ct. at 1218; McAlester v. Brown, 5 Cir. 1972, 469 F. 2d 1280).

■ The Governor and Attorney General were *improperly named* as they were in no way involved in the litigation, nor do they under law have authority in any way to alter the course of such litigation and judicial pronouncement. No complaint is made against them that, if true, would give rise to a cause of action to sue them. They are named only nominally as defendants, and none of the relief requested is within their power. Their motion for summary judgment is therefore granted. And this suit is dismissed as to the seven state officials named above.

■ It is apparent that the plaintiff sincerely considers himself aggrieved. But he has had the "day in court" that the law requires. The state court tried the case in full compliance with all requirements of the constitution (and, although this may be irrelevant in this court, in full accordance, with the requirements of Louisiana law). Mr. Griffin has had an opportunity to appeal. The majority opinion and Judge Blanche's dissent demonstrate that his case was fully considered by the State Court of Appeal. The federal constitution and the federal statutes neither require nor suggest that state law suits be decided in accordance with the views of a litigant concerning what is "right." Indeed, even in federal courts it is common (almost universal) for unsuccessful litigants to think that the court was wrong, that it didn't really understand the case or didn't really understand the evidence. No court can ever satisfy fully the disappointed suitor. The constitution requires only that litigants be given a fair trial. This Mr. Griffin has had.

Judgment will be entered in favor of all defendants and against the plaintiff dismissing his suit at his costs.