LEAR, Judge.
Plaintiff, Austin Quick Print, Inc., brought this suit in Baton Rouge City Court to recover a sum allegedly due for services rendered to defendant, Deferred Compensation Corporation of Louisiana (DCCL), pursuant to an oral contract. Following the trial of this matter, judgment was rendered in favor of plaintiff and against defendant in the amount of $375.77, plus legal interest and court costs. From that judgment, defendant has devolutively appealed.
On March 13, 1981, Van, defendant’s employee, entered Austin’s Quick Print and placed an order with the shop’s owner, Jim Austin (Austin) for a number of copies of a form presented to Austin. This form was completely typewritten or printed, with the exception of three lines which were handwritten. Austin stated that he immediately noticed the handwritten portions of the form and asked Van, “Do you want us to print it like it is?”, to which she replied, “Yes, print it like it is.” He repeated the question to Van and received the same answer. According to Austin, Van also told him to darken up several of the handwritten letters, which were rather light, before printing the form. He stated that he used a ballpoint pen to do so in her presence. Austin further testified that items are duplicated in the exact form in which they are presented to him.
The order was completed several days later and picked up by Ms. Ann Bailey, an employee of defendant, who gave Austin a check in payment for this order. However, a stop payment order was subsequently placed on this check at the instruction of defendant’s president, Kenneth Womack. *506 An attempt by Austin to work out some sort of arrangement with Womack was unsuccessful.
According to the testimony of Ms. Bailey, Womack was dissatisfied with the order due to the fact that the handwritten portions had been duplicated on the copies in that same form rather than having been first typeset and then printed. She stated that the forms were useless to defendant in this condition. Consequently, defendant subsequently had additional copies of this form printed by another company.
The sole issue is whether or not plaintiff fulfilled his obligation pursuant to the oral contract existing between the parties.
The evidence in the record adequately supports the judgment of the trial court. Austin testified that defendant’s employee, Van, told him that the form was to be printed exactly like it was. Additionally, he stated that Van pointed to several of the handwritten letters and told him to darken them before printing the form. Van did not testify at the trial nor is Austin’s testimony otherwise contradicted. Thus the rule that uncontradicted testimony should be generally accepted as true, except where obviously improbable, is applicable herein. Segall Company, Inc. v. Trahan, 290 So.2d 854 (La.1974); Hoover v. State, 393 So.2d 187 (La.App. 1st Cir. 1980).
There is no indication in the record that Austin’s testimony was obviously improbable or unreliable. Significantly, the trial judge specifically accepted Austin’s testimony with regard to Van’s statement that the form was to be printed exactly as it was presented. The trial judge obviously found Austin’s testimony to be credible. Such determinations by trial judges are entitled to great weight. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Rahm v. Exxon Corporation, 399 So.2d 676 (La.App. 1st Cir. 1981).
Accepting Austin’s testimony as true, as the record indicates it should be, it is clear that he complied with the instructions given to him by defendant’s employee, Van. The evidence makes it clear that she (Van) instructed him to print the form exactly as it was, handwritten portions and all. In fact, the evidence indicates that Van called Austin’s attention to certain handwritten portions, which had previously been “whited out” and then handwritten over. As to these “whited out” portions, Van requested that Austin darken these letters before printing, which he did with a ballpoint pen in Van’s presence.
From the evidence it is clear that plaintiff complied with Van’s instructions and fulfilled his obligations to defendant. The record indicates that, while there may have been a misunderstanding between defendant and its representative (Van), we find that there was no mutual error or mistake as between plaintiff and defendant, through its representative. Thus, defendant cannot now avoid its obligation under the contract on that basis.
Another argument advanced by defendant is that the contract should be invalidated on the basis that it made a unilateral error as to a substantial quality of the thing which formed the subject of the contract, i.e. that the handwritten portions would be typeset before being printed. Defendant claims this was the principal cause for making the contract.
While it is true that a contract may be invalidated for a unilateral error as to a substantial quality of the object of the contract, this rule is applicable only if the other party has been made aware of this principal motive for making the contract, or, if, from the nature and circumstances of the transaction it must be presumed that he knew. Griffin v. Seismic Services, Inc., 259 So.2d 923 (La.App. 1st Cir.), writ denied, 262 So.2d 38 (La.1972); Jefferson Truck Equipment Co. v. Guarisco Motor Co., 250 So.2d 211 (La.App. 1st Cir. 1971). In this instant case we find that Austin was not aware, nor should he have been aware, that defendant’s principal motive for making this contract was to obtain forms, which had to be completely typewritten; especially in light of our previous discussion of the evidence.
*507 Our reading of the record as a whole reveals no manifest error, and the judgment of the trial court should therefore be affirmed. Canter v. Koehring Company, supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the foregoing reasons, the judgment of the trial court is hereby affirmed. All costs, both at trial and on appeal, are to be paid by defendant-appellant, Deferred Compensation Corporation of Louisiana.
AFFIRMED.