391 So.2d 925 (1980)
C. P. WALKER, Plaintiff-Appellee,
v.
WESTERN-SOUTHERN LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 14353.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for defendant-appellant.
Nelson, Hammons & Johnson by John L. Hammons, Shreveport, for plaintiff-appellee.
*926 Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
PRICE, Judge.
Plaintiff, C. P. Walker, filed this suit seeking to obtain a declaration of his rights under a disability policy (referred to as security plan) issued by his former employer, Western-Southern Life Insurance Company. Plaintiff also seeks judgment for the disability benefits which have allegedly accrued, penalties and attorney fees for failure to pay those benefits, and damages for mental anguish.
In the alternative plaintiff contends his employment was illegally terminated by defendant and he seeks past wages, penalties, and attorney fees.
The trial court rendered judgment declaring plaintiff entitled to full disability rights under the security plan of defendant but rejected the remaining demands of plaintiff. Defendant appealed and plaintiff has answered the appeal seeking recovery of the demands rejected by the trial court. We affirm for the reasons assigned.
The factual background and issues presented are accurately and concisely stated by the trial judge in his written reasons as follows:
The Plaintiff in this case, Mr. C. P. Walker, is an insurance agent and salesman by profession. In 1950, he began work for a company known as Unity Life Insurance Company. He worked as an insurance agent with Unity Life Insurance Company from 1950 until 1970. In 1970, Western-Southern Life Insurance Company took over the operations of Unity Life Insurance Company.
One of the benefits provided to its employees by Western-Southern Life Insurance Company was its "Western-Southern Life Insurance Company Security Plan" which provided for a disability plan, medical insurance, hospitalization insurance, life insurance, and retirement. The issue presented in this case is the applicability of the Western-Southern Life Insurance Company's security plan to Plaintiff's total disability which began on May 16, 1975 and which has continued, uninterruptedly, until the present time.
A determination as to whether Plaintiff is entitled to coverage under the security plan involves an interpretation of the provisions of Section 1.05 and Section 5.03 as they relate to the terms "continuous service" and "uninterrupted employment."
It is necessary to determine what is meant by these phrases inasmuch as the provisions of the security plan relating to permanent disability do not become applicable to an employee until such time as he has been with the company for a period of five years.
In this case, Western-Southern took over operations of Unity Life Insurance Company on September 1, 1970. Plaintiff became disabled on May 16, 1975, a period of four years and approximately 8½ months thereafter. Not having achieved a period of five years under the control of Western-Southern Life Insurance Company, Plaintiff would not be entitled to benefits under the security plan unless his time of previous employment with Unity Life Insurance Company would be counted as "continuous service" and "uninterrupted employment" with Western-Southern.
The provisions of the security plan referred to above read as follows:
Section 1.05 Continuous Service
"Continuous service" is the last period of uninterrupted employment with Western-Southern, including any periods during which the member is entitled to benefits under the Income Replacement Benefit (Part V), commencing with the date of such employment and ending with the date of termination of such employment stated in terms of years and days.
Section 5.03 Permanent Disability Benefits
If a member has completed at least five years of continuous service prior to the commencement of a period of total disability for which the member is entitled to Temporary Disability Benefits and such total disability continues beyond the *927 maximum period for which Temporary Disability Benefits are payable, Western-Southern will pay Permanent Disability Benefits for each month (if less than a month, 1/30th for each day) throughout which such total disability continues in an amount equal to the Monthly Benefit, but in no event less than $100 a month nor more than two-thirds of the member's monthly rate of earnings immediately prior to the date on which the member becomes totally disabled. The Monthly Benefit is equal to 1/12th of the Annual Retirement Annuity granted for service prior to January 1, 1937, plus 1/12th of 2% of total earnings for service on and after January 1, 1937, or, if greater to the monthly early retirement annuity (exclusive of any temporary annuity) to which the member would otherwise be eligible.
The primary assignment of error by defendant on this appeal is that the trial court should not have considered parol evidence in determining the effect of the above provisions on plaintiff's eligibility for permanent disability benefits.
The trial court in permitting parol evidence reasoned that "the terms in question are unambiguous under normal circumstances where a new employee begins work with Western-Southern without reference to prior work history in an unrelated company or industry ... however ... there is some ambiguity in the terms `continuous service' and `uninterrupted employment' in the context of this situation where Western-Southern acquired another company...."
The jurisprudence in Louisiana is well settled to the effect that parol evidence may be used to show fraud, mistake, illegality, want or failure of consideration, to explain an ambiguity if such explanation is not inconsistent with the written terms, or to reveal that the writing is only a part of an entire oral contract existing between the parties. Parol evidence, of course, is inadmissible to vary, alter or add to the terms of the written contract. Dorvin-Huddleston Developments v. United Services, 207 So.2d 225, 228 (La.App. 4th Cir. 1968).
We are of the opinion the trial court was correct in allowing parol evidence under the circumstances as the record shows the "security plan" formed only a part of the overall employment package presented to plaintiff and others similarly situated at the time defendant took control of Unity. Many of the conditions of future employment with Western-Southern were explained orally to Unity employees by defendant's officers. These explanations were given at a series of meetings held in Alexandria for the purpose of announcing the plans of Western-Southern to purchase Unity. Therefore all representations made to plaintiff, written or oral, should be considered in interpreting the terms of the security plan relating to plaintiff's eligibility for benefits.
Defendant next contends that if parol evidence is found to be properly admissible, the trial court erred in finding the evidence presented by plaintiff sufficient to substantiate his claims.
Plaintiff contends certain officials of the defendant who were in charge of the transition of Unity into Western-Southern represented to Unity employees that their total time of prior employment with Unity would be considered as time with Western-Southern for all purposes connected with employment benefits or service awards.
The testimony of what was said or what occurred at these meetings is conflicting. Defendant's witnesses took the position that there was no discussion of the security plan or other employee benefits at the first meeting which most of plaintiff's witnesses attended. The trial court found the testimony of plaintiff's witnesses as to what transpired at the meetings more believable as "it would be strange indeed to find that at an organizational meeting when a whole company had been taken over by another and all its employees were going to be subjected to different procedures and management, that those same employees would not have questioned, at every opportunity, the representatives of their new company as to what their personal fate would be under the new regime."
*928 There is sufficient evidence to support this finding of fact by the trial court.
Defendant's witnesses contend that prior service with Unity was not represented as counting for purposes of eligibility in the security plan. However, these same witnesses admit that Unity employees were told their prior time would count for service awards, bonuses, and retirement purposes. We think it is significant that retirement benefits are provided in Section 8 of the security plan for those employees who have qualified for inclusion in the plan. If prior service with Unity was intended to be applicable for one part of the security plan, it is reasonable to conclude that it is applicable to the remaining parts.
We find no manifest error in the trial court's conclusion that plaintiff is entitled to all prior service with Unity in determining eligibility and computing benefits under the security plan of Western-Southern.
It is conceded by plaintiff that a finding of eligibility for disability benefits precludes his alternative claim for back wages.
Remaining for our consideration is plaintiff's claim for penalties and reasonable attorney fees under La.R.S. 22:657, and his claim for damages for mental anguish.
We do not find defendant should be assessed penalties and attorney fees in this instance as there clearly were just and reasonable grounds for denying coverage. The policy provisions at issue were ambiguous only because of the acquisition of Unity by defendant and the unforeseen application of the security plan to former Unity employees. Under these circumstances it was reasonable for defendant to seek a judicial interpretation of the policy.
We lastly find the trial court was correct in rejecting plaintiff's demand for nonpecuniary damages for mental anguish. The circumstances under which La.C.C. Art. 1934 allows such damages are not present here. See Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979).
For the foregoing reasons the judgment is affirmed at appellant's cost.