445 So.2d 110 (1984)
Bernard R. HAMPTON, Plaintiff-Appellant,
v.
LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 15951-CA.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1984.
Pringle & Herzog by R. Perry Pringle, Shreveport, for plaintiff-appellant.
Wilkinson & Carmody by Arthur R. Carmody, Jr., Shreveport, for defendant-appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
Plaintiff sued under a health and hospitalization insurance policy to collect the benefits allegedly due him for the travel expense incurred in being transported from one medical facility to another. The trial *111 court denied plaintiff's claims. We reverse.
Original plaintiff in this cause was Bernard R. Hampton, of Bossier Parish, Louisiana. Mr. Hampton died during the pendency of these proceedings, and the claims of original petitioner are now urged by his wife and son, Faye Hampton and Larry Hampton. Defendant in this cause is Lincoln National Life Insurance Company (Lincoln Life).
The facts of this cause were established by stipulation prior to trial. Bernard Hampton was a 57 year old white male, who was in good health until the sudden onset of a headache and a subsequent bout of disequilibrium on April 19, 1981. When Mr. Hampton's condition did not improve for several hours, he was admitted into the emergency room of the Bossier Medical Center. Tests conducted the following day revealed that plaintiff had suffered a large right cerebellar arteriovenous malformation with subarachnoid hemorraginga stroke.
The results of these tests of Mr. Hampton were reviewed by Dr. Warren Long of the Bossier Medical Center. Dr. Long recommended that these test results be sent to brain surgery specialist Dr. Charles Drake of London, Ontario, Canada, for his evaluation. After review of the data sent him, Dr. Drake recommended that Mr. Hampton undergo surgery. Pursuant to this recommendation, Mr. Hampton was flown to London, Ontario, Canada and hospitalized in the University Hospital in London, Ontario for the purpose of receiving surgical treatment from Dr. Drake. Dr. Drake performed a posterior craniotomy operation on Mr. Hampton, excising Mr. Hampton's arteriovenous malformation. Immediately after Mr. Hampton's return to his recovery room, it became necessary to repeat the operation. Mr. Hampton subsequently became unable to breath, and underwent a tracheotomy on June 11, 1981.
After Mr. Hampton's condition stabilized, he was flown back to Bossier Medical Center, with his tracheotomy still in place. Mr. Hampton was flown from Ontario to Bossier City by air ambulance, because of Dr. Drake's insistence that Mr. Hampton was not capable of making a commercial flight. Mr. Hampton was readmitted to the Bossier Medical Center upon his return to Louisiana, and remained at the Bossier Medical Center from June 21, 1981 through September 28, 1981. After over three months of hospitalization at Bossier Medical Center, Mr. Hampton was transferred to P & S Rehabilitation Center in Shreveport. Mr. Hampton thereafter lapsed into a coma and subsequently died on August 17, 1982.
At the time of his stroke on April 19, 1981, Mr. Hampton was covered by a group health and accident insurance policy which covered his employer, Liberia Manufacturing Company, and Mr. Hampton as an employee of Liberia. Defendant Lincoln Life has paid over $150,000 in medical expenses pursuant to this insurance coverage, including the cost of transporting Mr. Hampton from Bossier Medical Center to Ontario, Canada to undergo the surgical procedures performed by Dr. Drake.
However, Lincoln Life has refused to pay the $7,234.21 cost incurred in Mr. Hampton's return to Bossier Medical Center from London, Ontario by air ambulance.
Suit was filed on May 5, 1982, seeking the cost of the ambulatory air evacuation of Mr. Hampton from London, Ontario to Bossier Medical Center; plaintiffs further sought statutory penalties and attorney's fees for Lincoln Life's failure to reimburse petitioners for the costs associated with this air transfer.
The trial court rejected plaintiff's demands reasoning that, under the stipulated facts, the insurance policy did not provide coverage for the "return" of Mr. Hampton by air ambulance from Ontario to Louisiana. The primary issue to be resolved on this appeal is whether the insurance policy issued by Lincoln Life afforded coverage for the $7,234.21 expense incurred in transporting Mr. Hampton by air ambulance from Ontario to Louisiana. The ancillary issue to be addressed herein is whether Lincoln Life's refusal to pay that amount was arbitrary and capricious and without *112 just or reasonable grounds, so as to justify the invocation of statutory penalties and attorney's fees under LSA-R.S. 22:657.
The applicable provisions of the insurance policy at issue provide as follows:
"R. MAJOR MEDICAL BENEFITS
If an insured individual incurs eligible charges ... major medical benefits are payable.
. . . .
4. Eligible Charges are those incurred for one of the following:
. . . .
j. transportation within the United States and Canada of the [insured employee] by professional ambulance service, railroad, or regularly scheduled airline to, but not returning from, a hospital or sanitarium." (Emphasis added.)
Appellant and appellee have not directed our attention to any jurisprudence of this state which interprets the contractual phraseology in question, nor have we uncovered any. We are thus guided, in our analysis of this contractual language, by the codal rules mandating that judicial interpretations of contract endeaver to ascertain the "true intent of all the parties," and that "the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences." LSA-C.C. 1945.
The policy language at issue, when reduced to its basic functional elements, dictates that the insured be reimbursed for medical transportation "to, but not returning from, a hospital or sanitarium." Having considered this contractual language in an effort to comprehend its underlying intent as evinced by the terms employed, we conclude that this language engenders ambiguity.
In stating that the transportation expense incurred in returning from a hospital is not reimbursible, this policy provision might be reasonably construed to exclude an insured's return from the hospital after his medical treatment has been completed. This provision could be reasonably construed to exclude an insured's return from the hospital after his period of hospitalization has been terminated. This provision could be reasonably construed to exclude an insured's return from the hospital to his own home. Conversely stated, it is not clear that this policy intended to exclude coverage for transportation expense where the patient/insured leaves a medical institution, but does not "return" home therefrom, and the patient/insured has completed neither his medical treatment nor his period of hospitalization. We think it reasonable to conclude that the instant group health and hospitalization policy intended to provide coverage for the duration of the patient/insured's period of hospitalization; and to terminate coverage when hospitalization ceased. In common sense terms, the policy arguably envisioned that the patient would "get home on his own" after his institutionalized convalescence and medical treatment ended.
In the trip for which Lincoln Life has refused to pay, patient/insured Bernard Hampton was transported from the University Hospital in London, Ontario, Canada to the Bossier Medical Center in Bossier City, Louisiana. This trip thus transported plaintiff from one medical facility to another. After arriving at Bossier Medical Center, Mr. Hampton remained there for an extended period of institutionalized treatment and convalescence. At the time of Mr. Hampton's air evacuation from London, Ontario, neither his supervised medical treatment nor his period of hospitalization were at an end, and Mr. Hampton did not return home.
We therefore conclude that the instant insurance policy was ambiguous as to whether coverage was afforded to cover medical transportation costs under the instant circumstances whereat the time of the trip at issuethe patient/insured had not completed his medical treatment or period of hospitalization, and was not being transported to his home but to another medical facility. We conclude, more especially, that the instant policy was ambiguous with respect to the question of whether it provided coverage for a medical transport *113 that was simultaneously made both to and from medical institutions.
We construe this contractual ambiguity against the policy drafter, Lincoln Life. LSA-C.C. Art. 1958; Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111 (1953); Primm v. State Farm Fire & Casualty Co., 426 So.2d 356 (La. App. 2d Cir.1983); Bowab v. St. Paul Fire and Marine Ins. Co., 152 So.2d 66 (La.App. 3d Cir.1963), writ den. 244 La. 664, 153 So.2d 881 (1963). Moreover, it is the duty of the insurer to clearly express liability exclusions and limitations, exclusionary clauses are strictly construed, and the insurer has the burden of proving the applicability of a coverage exclusion. Primm, supra; Little v. Kalo Laboratories, Inc., 406 So.2d 678 (La.App. 2d Cir.1981).
An ancillary issue raised in this appeal is whether defendant-appellee is liable for statutory penalties and attorney's fees under LSA-R.S. 22:657 for its alleged refusal to reimburse the cost of transporting Bernard Hampton from Ontario to Louisiana without just and reasonable grounds. We conclude that plaintiff-appellants are not entitled to statutory penalties and attorney's fees. We find that Lincoln Life's refusal to reimburse this expense was not without just and reasonable grounds, since Lincoln's interpretation of the policy language at issue was not entirely unreasonable and had not been construed by a court of this state. See Walker v. Western-Southern Life Ins. Co., 391 So.2d 925 (La. App.2d Cir.1980); Duncan v. J.C. Penney Life Ins. Co., 388 So.2d 470 (La.App.2d Cir.1980).
For the foregoing reasons, we reverse the trial court's judgment, and render judgment in favor of plaintiff-appellants, for the cost of transporting Bernard Hampton from University Hospital in London, Ontario to Bossier Medical Center. It is therefore ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendants in the amount of $7,234.21 with legal interest thereon from judicial demand and for all costs of these proceedings.
REVERSED AND RENDERED.