JASPER E. JONES, Judge.
The plaintiff, Noah Cartwright, III, appeals a judgment against the defendant, CUNA Mutual Insurance Society, for the principal balance owed on plaintiff’s credit union loan which defendant obligated itself to pay in the event of plaintiffs disability. The judgment did not award plaintiff penalties or attorney’s fees. It did not award 1% per month interest on the principal balance of the loan which the policy required. Plaintiff seeks an award of penalties, attorney’s fees, and 1% per month interest. Defendant did not appeal or answer plaintiff’s appeal. We amend and award interest as provided by the policy.
The facts are not disputed. Plaintiff was an employee of the Louisiana Department of Revenue and Taxation. Prior to October 1, 1980 credit union services for employees of the Department of Revenue and Taxation were provided by the Revenue Employees Credit Union of which plaintiff was a member. On October 1, 1980 the Revenue Employees Credit Union merged with the La. Capitol Federal Credit Union. The remaining credit union retained the latter name.
Prior to the merger the Revenue Employees Credit Union carried credit life insurance with CUNA on loans made to its individual members. The insurance policy, numbered 017-0328-8, did not include disability coverage. Prior to the merger La. Capitol Federal Credit Union had a policy with CUNA which provided life and disability coverage on borrowers from the credit union. On the date of the merger by endorsement numbered 017-0512-6, CUNA’s policy with La. Capitol Federal Credit Union, which provided disability as well as life insurance, was extended to loans then outstanding in the Revenue Employees Credit Union. The endorsement added disability insurance in the maximum amount of $10,-000.00 per member to the coverage formerly provided the members of the Revenue Employees Credit Union.
At the time of the merger plaintiff had four outstanding loans, with principal balances totalling $7,400.74, outstanding with the credit union. After the merger plaintiff obtained another loan, on November 26, 1980, in the principal amount of $8,675.00.
Plaintiff became totally and permanently disabled on December 1, 1981 and demanded CUNA to pay the La. Capitol Federal Credit Union the balance owed on the November 26, 1980 loan which was $8,001.15.
CUNA contended that the entire unpaid balance of this loan was not insured. CUNA based this contention on a complex formula contained in its policy.
Using this formula CUNA initially determined that plaintiff was only covered to the extent of $3,265.73. This amount was paid to the credit union on February 11, 1982. Approximately two months later CUNA determined that plaintiff was actually covered to the extent of $5,507.73 and an additional payment of $2,524.93 (which included $282.93 in interest) was made to the credit union.
By its terms the formula which reduced the coverage on the balance of the November 26, 1980 loan would not be applicable if the four loans owed by the appellant to Revenue Employees Credit Union before the merger were never covered under the disability provisions of CUNA’s policy.
Plaintiff filed suit on July 23, 1982 seeking to recover the balance due on the November 26, 1980 loan after the payments had been made on it by CUNA. The principal balance of $8,001.15 owed on the November 26, 1980 loan as of December 1, 1981 had been reduced by CUNA’s payment of $5,507.73 to the sum of $2,493.42. The threshold issue contained in this suit was whether the four loans made to plaintiff prior to the merger were covered by the La. Capitol’s CUNA policy by virtue of *917 the endorsement issued October 1, 1980. If the loans were covered, this triggered the formula contained in CUNA's policy and CUNA properly reduced coverage according to the formula contained in the policy. If the loans were not covered, plaintiffs total balance of $8,001.15 owed December 1, 1981 on the November 26, 1980 loan was insured under the policy.
The case was primarily submitted to the trial judge on written stipulations, including one to the effect that plaintiff did not meet the eligibility requirements for coverage on October 1, 1980. The record does not clearly reveal the reasons why plaintiff did not meet the eligibility requirements; however, when taken as a whole it indicates that he was not working due to some disability on October 1,1980 and it was this fact that created his ineligibility. He had returned to work prior to obtaining the November 26, 1980 loan.
Plaintiff contended that since he did not meet the eligibility requirements for coverage on the effective date of the policy, October 1, 1980, coverage on the four loans obtained prior to that date was permanently excluded by paragraph 3 of the policy endorsement which provides:
3. All loan balances of members of the Revenue Employees Credit Union shall be eligible for total and permanent disability coverage providing these members meet all the eligibility requirements of Loan Protection Contract No. 017-0512-6 on the said Effective Date.
Defendant contended that although plaintiff did not meet the eligibility requirements on October 1, 1980, the loans obtained prior to that time subsequently became insured after plaintiff returned to work. Defendant relied on policy provisions defining “Insured Class” and “Working Members” as follows:
INSURED CLASS No Member shall be eligible for coverage under this Contract unless included within the Insured Class at the time each loan is advanced, in accordance with the conditions hereinafter defined. There shall be no insurance coverage upon any loan unless and until loan proceeds are paid to the Member and an actual indebtedness created, at which time for each loan the conditions for eligibility herein shall apply.
WORKING MEMBERS A Working Member shall be an eligible Member for inclusion within the Insured Class of Members only upon the condition that such Member is actively at work and regularly performing all of the usual duties of his occupation. A Working Member not eligible for coverage at the time any loan is advanced shall become eligible and be included within the Insured Class for loan balances then outstanding, upon meeting the condition that he is actively at work and regularly performing all of the usual duties of his occupation. A Working Member absent from work at the time his loan is advanced solely because of layoff or other lack of work, strike or vacation shall be eligible for the Insured Class provided such a Member is then physically able to be actively at work full time and regularly perform all of the usual duties of his occupation. A Working Member absent from work at the time his loan is advanced solely because of a temporary minor sickness or temporary minor injury shall be eligible for the Insured Class, (emphasis added)
The trial court accepted plaintiffs interpretation of the endorsement, then found the policy endorsement and the policy provisions relied on by defendant were conflicting. The court ruled that provisions in the endorsement must prevail over conflicting policy provisions and for this reason plaintiffs loans obtained prior to the merger had never been subject to disability coverage. Since CUNA neither appealed nor answered plaintiff’s appeal the correctness of the lower court’s judgment on the unpaid principal balance is not before this court. LSA-C.C.P. art. 2133; Arrow Construction Co., Inc. v. American Emp. Ins. Co., 273 So.2d 582 (La.App. 1st Cir.1973). *918 The sole question presented for our determination is whether the trial court erred in denying plaintiffs claims for penalties and attorney’s fees and whether plaintiff was entitled to an interest award under the policy provisions.
This court has consistently held that an insurer’s refusal to pay contested benefits is not without just and reasonable cause where that refusal is based on a reasonable interpretation of policy language which has not been construed to the contrary by the courts of this state. Duncan v. J. C. Penney Life Ins. Co., 388 So.2d 470 (La.App.2d Cir.1980); Walker v. Western-Southern Life Ins. Co., 391 So.2d 925 (La.App.2d Cir.1980); Hampton v. Lincoln Nat. Life Ins. Co., 445 So.2d 110 (La.App.2d Cir.1984). See also Stewart v. Louisiana Farm Bur. Mut. Ins. Co., 420 So.2d 1217 (La.App.3d Cir.1982).
The trial judge correctly determined that defendant’s interpretation of the policy was reasonable. Plaintiff has cited no cases, and we find none, interpreting similar policy provisions contrary to defendant’s construction. We conclude that the trial judge properly denied plaintiff’s claim for statutory penalties and attorney’s fees.
Plaintiff contends he is entitled under a provision of the policy to 1% per month interest on the amount awarded by the trial court from the date of his disability-
Our review of the policy established that it provides coverage on the insured loan for interest not to exceed 1% per month. The rate of interest on the November 26, 1980 loan exceeded the maximum interest covered by the policy and we conclude the plaintiff is entitled to a judgment for the interest provided for in the policy. To reflect the change in the interest award we recast the second paragraph of the judgment appealed to read as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein for N.G. CARTWRIGHT, III against CUNA MUTUAL INSURANCE SOCIETY in the full sum of TWO THOUSAND FOUR HUNDRED NINETY-THREE AND 42/100 ($2,493.42) DOLLARS, together with 1% per month interest from December 1, 1981 until paid, and all costs of this proceeding.”
As AMENDED the judgment is AFFIRMED at defendant’s cost.