h WILLIAMS, Judge.
The plaintiffs, Earnie Mae Polk and Jerry Lee Polk, appeal a summary judgment rendered in favor of the defendant, State Farm Fire & Casualty Company (“State Farm”), dismissing their claims for property damage under a homeowner’s insurance policy. The plaintiffs also appeal the denial of their cross-motion for summary judgment. For the following reasons, we reverse, render and remand for further proceedings consistent with this opinion.
FACTS
Earnie Mae Polk was the owner of the residence located on Willard Street in Mansfield, DeSoto Parish, Louisiana, where she lived with her husband, Jerry Lee. The house was connected to a sewer line operated by the City of Mansfield. On August 9, 1997, during a heavy rainstorm, the interior of the Polks’ residence was inundated by water and raw sewage which backed up into their house and overflowed through the bathtub and two commodes. The house was rendered uninhabitable and the Polks vacated the premises. At the time of the incident, a homeowner’s policy issued by State Farm was in effect for the residence. The Polks filed a claim under the insurance policy for the property damage to their home. State Farm denied the claim on the basis that the property damage was excluded from coverage under the policy.
The plaintiffs, Earnie Mae Polk and Jerry Lee Polk, filed a petition for damages against the defendants, the City of Mansfield and State Farm. Plaintiffs alleged that the City failed to properly maintain its sewer system and that their property damage was covered by the State Farm insurance policy. State Farm filed a motion for summary judgment asserting that any damages which resulted from the overflow were excluded by the policy. Plaintiffs filed an opposition and a cross-motion for summary judgment.
Following a hearing on the motions for summary judgment, the district Lcourt found that because the damage was caused by rainwater and sewage entering from *108 outside the house’s plumbing system, the plaintiffs’ property losses were excluded from coverage by the policy language. The district court rendered judgment granting State Farm’s motion for summary judgment and denying the plaintiffs’ cross-motion. The plaintiffs appeal.
DISCUSSION
The plaintiffs contend the trial court erred in granting State Farm’s motion for summary judgment. Plaintiffs argue that the policy exclusions are not applicable because their damages were caused by the covered risk of water discharged from within the plumbing system.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Summary judgment declaring a lack of insurance coverage may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600 (La.1986). Appellate courts review summary judgnents de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App. 2 Cir.8/21/96), 679 So.2d 477.
An insurance policy is a contract and the rules established for the interpretation of written instruments apply. Lindsey v. Poole, 579 So.2d 1145 (La.App. 2d Cir.), wriit denied, 588 So.2d 100 (La.1991). Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. LSA C.C. art. 2050.
The purpose of homeowners insurance is to afford the insured protection |sfrom property damage losses. Policies therefore should be construed to effect, and not deny, coverage. Thus, a provision which seeks to narrow the insurer’s obligation is strictly construed, and if the language of the exclusion is subject to two or more reasonable interpretations, that which favors coverage must be applied. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. The insurer has the burden of proving the applicability of a coverage exclusion. Hampton v. Lincoln National Life Ins. Co., 445 So.2d 110 (La.App. 2d Cir.1984). In the present case, the homeowners policy provides in pertinent part:
LOSSES INSURED
COVERAGE A-DWELLING
We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I-LOSSES NOT INSURED.
COVERAGE B-PERSONAL PROPERTY
We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in SECTION I LOSSES NOT INSURED:
[[Image here]]
12. Sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance. This peril does not include loss:
[[Image here]]
*109 c. caused by or resulting from water from outside the plumbing system that enters through sewers or drains....
SECTION I-LOSSES NOT INSURED
2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. C. Water Damage, meaning:
(1) flood, surface water, waves, tidal water, overflow of a body of water...;
(2) water from outside the plumbing system that enters through sewers or drains....
Here, the insuring clause was specific, and the policy narrowed the water Hdamage covered to certain types of loss. These narrowly defined types of damage included the “accidental discharge or overflow of water ... from within a plumbing ... system.” In the present case, it is undisputed that the water and sewage entered the plaintiffs’ home through the plumbing fixtures of the bathtub and toilets. The insurance contract describes the coverage with sufficient particularity to support the conclusion that damage resulting from the accidental discharge of water and sewage from within the plaintiffs’ plumbing system was covered by the insuring clause. However, the policy also seeks to exclude coverage for damage caused by water from outside the plumbing system that enters through sewers or drains.
Since the insuring clause specifically covers the loss, the existence of the exclusion clause presents two alternatives. Either the exclusion is in conflict with and repugnant to the insuring clause, or the exclusion must be construed in harmony with the insuring clause. State Farm contends that the exclusion applies because the water backing up from the city’s sewer system was “outside” the plaintiffs’ plumbing system and that “sewers or drains” means those of the policyholders. First, contrary to State Farm’s contention, the policy language does not necessarily mean that sewers or drains are the same thing as the dwelling’s plumbing system. If such was the case, the drafter could have used the same term.
Another factor is the consideration of the water damage exclusion in context with the language of the surrounding paragraphs of the policy. The clause excluding damage by water from “outside” the plumbing system appears with damage caused by flood, surface water, waves, tidal water and natural water below the ground surface. Such sources of water are not ordinarily linked with plumbing systems in a building. Thus, it would not be unreasonable to assume that the loss intended to be excluded by the words of the exclusionary clause, like the other types of damage excepted in that section, would be a loss resulting from causes unrelated to the plumbing system.
| BReading the exclusion along with the other policy provisions, the language demonstrates that any flooding of the plaintiffs’ residence that did not involve the discharge of water from within their plumbing system would not have been covered. However, coverage would apply when, as here, there was an accidental discharge of water and sewage from within the plaintiffs’ plumbing system caused by pressure resulting from a back-up of the City’s sewer line. This interpretation of the insurance contract as a whole gives effect to each provision of the policy. See World Fire & Marine Ins. Co. v. Carolina Mills Distributing Co., 169 F.2d 826 (8th Cir.1948).
Based upon our interpretation of the contract provisions, we conclude the insur- *110 anee policy provides coverage for the damages caused by the discharge of water and sewage into the plaintiffs’ residence on August 9, 1997. Consequently, the district court erred in finding that State Farm satisfied its burden of proving that such damages were excluded from coverage by the insurance policy. Accordingly,' the judgment granting State Farm’s motion for summary judgment and denying plaintiffs’ cross-motion for summary judgment shall be reversed. We shall render judgment granting the plaintiffs’ motion for summary judgment on the issue of insurance coverage and remand this case for consideration of damages.
CONCLUSION
For the foregoing reasons, the judgment granting State Farm’s motion for summary judgment and denying plaintiffs’ cross-motion for summary judgment is reversed. We hereby render judgment in favor of the plaintiffs, Earnie Mae Polk and Jerry Lee Polk, granting their motion for summary judgment. This matter is remanded to the district court for further proceedings consistent with this opinion. Costs of this appeal are assessed to the appellee, State Farm Fire & Casualty Company.
REVERSED, RENDERED AND REMANDED.
CARAWAY and KOSTELKA, JJ., dissent with written reasons.